607 F.Supp. 1425 (1985)
Terri Ann MIENER, et al., Plaintiffs,
v.
SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY, MISSOURI, et al., Defendants.
Terri Ann MIENER, etc., Plaintiff,
v.
SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY, MISSOURI, Defendant and Third-Party Plaintiff,
v.
MISSOURI DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION, et al., Third-Party Defendants.
Nos. 79-1050C(1), 82-1836C(2).
United States District Court, E.D. Missouri, E.D.
May 8, 1985.
*1426 Albert J. Haller, Steven L. Leonard, Haller, Leonard & Tripp, P.C., Clayton, Mo., for plaintiffs.
Margaret Keate, Asst. Atty. Gen., Jefferson City, Mo., for defendants State Dept. of Elem. and Sec. Educ. and State Dept. of Mental Health.
Ruth A. Przybeck, Asst. Atty. Gen., St. Louis, Mo., for defendants State Dept. of Elem. and Sec. Educ. and State Dept. of Mental Health.
Timothy K. Kellett, Eric M. Schmitz, St. Louis, Mo., for defendant/third-party plaintiff Special School Dist. of St. Louis County.

MEMORANDUM
NANGLE, Chief Judge.
These cases are now before this Court for a ruling on two (2) motions. First, in No. 79-1050C(1), defendant Special School District of St. Louis County, Missouri (hereinafter "SSD") moves to dismiss plaintiffs' second amended complaint. Second, in Nos. 79-1050C(1) and 82-1836C(2), plaintiffs move to consolidate both cases before this Court. Because SSD's motion to dismiss is granted, the second amended complaint in No. 79-1050C(1) is dismissed and the motion to consolidate is denied.
Plaintiffs' claims and the underlying facts of this case have been discussed in several prior opinions in this case. See Miener v. State of Missouri, 673 F.2d 969 (8th Cir.1982); Miener v. Special School District of St. Louis County, 580 F.Supp. 562 (E.D.Mo.1984); Miener v. State of Missouri, 498 F.Supp. 944 (E.D.Mo.1980). In Special School District of St. Louis, County, this Court held that plaintiffs could not proceed with their claims under 42 U.S.C. § 1983.[1] However, this Court also granted plaintiffs leave to file a second amended complaint asserting damages under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., (hereinafter "Rehabilitation Act"). Several months later, plaintiffs filed their second amended complaint. The legal sufficiency of said complaint is at issue herein.
Plaintiffs' second amended complaint is a claim for declaratory, injunctive and damages relief for "discriminatory deprivation of plaintiff's right to education" under the Rehabilitation Act. Plaintiffs allege that plaintiff Terri Ann Miener was and is in need of special education services and that defendant SSD has, at all applicable times, provided a free, adequate and appropriate education for many of its students. Plaintiffs' second amended complaint further alleges that on February 4, 1977, SSD received a report that Terri Ann Miener was learning disabled, behaviorally disordered, *1427 visionally impaired and orthopedically handicapped. Plaintiffs allege that beginning on or about February 4, 1977 and thereafter, SSD "has failed and refused to provide a free, appropriate and non-discriminatory public school education to Terri Ann Miener, has excluded her from participation in its programs and has denied her access to its programs solely by reason of her handicap, all in violation of the Rehabilitation Act." As a result of SSD's alleged violation of the Rehabilitation Act, plaintiffs allege that they were required to expend funds for Terri Ann Miener's education and that SSD was obligated to pay said amounts. From June 23, 1977, through approximately April 15, 1980, plaintiff Terri Ann Miener was placed in the Youth Center Program of St. Louis State School and Hospital, an agency of the Missouri Department of Mental Health. Subsequent to April 15, 1980, plaintiff Terri Ann Miener was placed at the Brown Schools Ranch Treatment Center located in Austin, Texas, and she currently remains there. The relief sought by plaintiffs includes, inter alia, a declaration that defendants' acts violated the Rehabilitation Act, prospective compensatory services to overcome the effects of any past discriminatory denial of special educational services, $1,000,000.00 for the physical injuries received by Terri Ann Miener during the period from February 4, 1977 to April 15, 1980, $250,000.00 in damages for defendants' discriminatory denial of Terri Ann Miener's right to a full and adequate education, and $400,000.00 for reimbursement of sums expended by plaintiffs for the education of Terri Ann Miener.
In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state every element necessary for recovery with precision. 5 Wright & Miller, Federal Practice and Procedure: Civil § 1216 at 120 (1969). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Id. at 122-23. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-102.
SSD argues that plaintiffs' second amended complaint must be dismissed, because the rights asserted by plaintiffs are rights protected by the Education of all Handicapped Children Act, 20 U.S.C. § 1400 et seq. (hereinafter "EHA"), and that the Rehabilitation Act is not available to enforce rights protected by the EHA. SSD's motion relies primarily on Smith v. Robinson, ___ U.S. ___, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984).
This Court recently undertook an examination of the Smith case, as well as the companion case of Irving Independent School District v. Tatro, ___ U.S. ___, 104 S.Ct. 3371, 82 L.Ed.2d 664 (1984), in Yaris v. Special School District of St. Louis County, 599 F.Supp. 926, 932-36 (E.D.Mo. 1984). In Yaris, the issue before this Court was whether plaintiffs were entitled to an award of attorney's fees under the Rehabilitation Act and various constitutional provisions.[2] In Yaris, on the basis of Smith and Tatro, this Court held that the plaintiffs therein were not entitled to an award of attorney's fees under the Rehabilitation Act, "because the relief obtained by plaintiffs was available under the EHA...." Yaris, 599 F.Supp. at 935. Because SSD's motion essentially requires this Court to again apply Smith and Tatro, this Court's discussion of Smith and Tatro in Yaris bears repeating, as follows:

*1428 In Smith, the parents of a child suffering from cerebral palsy contested a school district's refusal to fund the child's placement in a special education program. The parents challenged the constitutionality of the procedure utilized to make the school district's decision and the substance of that decision. Their suit in federal District Court sought declaratory and injunctive relief based on state law; the Education of the Handicapped Act (EHA), 20 U.S.C. §§ 1401 et seq.; § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794; and 42 U.S.C. § 1983. The District Court declared that the procedure violated federal due process requirements and that, as a matter of state law, defendants were obligated to pay for the child's education. Although the District Court did not decide plaintiffs' federal statutory and constitutional claims relating to his substantive challenge, it awarded attorney's fees to plaintiffs under 42 U.S.C. § 1988 and § 505 of the Rehabilitation Act of 1978, as amended, 29 U.S.C. § 795, because the unaddressed federal claims were substantial and nonfrivolous. On plaintiffs' appeal from the Court of Appeals' reversal of the attorney's fees award, the Supreme Court held that plaintiffs were not entitled to fees under either § 1988 or § 505, because the relief obtained by plaintiffs was available under the EHA.
The Supreme Court in Smith reasoned that Congress intended the EHA to be the exclusive avenue for litigating a handicapped child's right to a free appropriate public education. Smith, ___ U.S. ___, 104 S.Ct. at 3468. The Court further reasoned that by creating a comprehensive remedial scheme in the EHA, which did not include a right to attorneys' fees, Congress did not intend for litigants to circumvent that scheme by bringing EHA claims together with analogous § 1983 and Rehabilitation Act claims and then claiming attorneys' fees under the latter two (2) statutes. Id. 104 S.Ct. at 3469, 3472. With respect to the Smith plaintiffs' equal protection claim under § 1983, the Court concluded:
that where the EHA is available to a handicapped child asserting a right to a free appropriate public education, based either on the EHA or on the Equal Protection Clause of the Fourteenth Amendment, the EHA is the exclusive avenue through which the child and his parents or guardian can pursue their claim.

Id. at 3470.
With respect to the Rehabilitation Act claim, the Court employed a similar, but different, analysis. Id. at 3472. The Court noted that although the Rehabilitation Act and the EHA are different substantive statutes, both statutes, "as applied to the right of a handicapped child to a public education, have been interpreted to be strikingly similar." Id. However, the Court stated that "[t]he significant difference between the two, as applied to special education claims, is that the substantive and procedural rights assumed to be guaranteed by both statutes are specifically required only by the EHA." Id. (emphasis added). From this specificity, the Court concluded that "Congress did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the EHA by resort to the general antidiscrimination provision of § 504." Id. at 3473. The Court summarized its holding, as follows:
[W]here, as here, whatever remedy might be provided under § 504 is provided with more clarity and precision under the EHA, a plaintiff may not circumvent or enlarge on the remedies available under the EHA by resort to § 504.

Id. at 3474. In Smith, because the relief obtained by the plaintiffs was available under the EHA and, thus, § 504 was not available as an alternative basis for said relief, the plaintiffs were not entitled to attorney's fees under § 505 of the Rehabilitation Act. Id.

In Tatro, the companion case to Smith, a handicapped child was being educated at *1429 public expense by defendants. However, defendants did not make provision for school personnel to administer a procedure to plaintiff, which she required to avoid injury to her kidneys, known as "clean intermittent catheterization" (CIC). The plaintiff brought suit in federal District Court alleging that defendants' refusal to provide CIC services violated the EHA and § 504 of the Rehabilitation Act. The District Court held that defendants' refusal violated both statutes and awarded attorney's fees under § 505 of the Rehabilitation Act. On appeal, the Supreme Court applied Smith and reversed the award of attorney's fees, as follows:
We hold today, in Smith v. Robinson, ..., that § 504 is inapplicable when relief is available under the Education of the Handicapped Act to remedy a denial of educational services. Respondents are therefore not entitled to relief under § 504, and we reverse the Court of Appeals' holding that respondents are entitled to recover attorney's fees.

Tatro, ___ U.S. ___, 104 S.Ct. at 3379.
Yaris, 599 F.Supp. at 933-34.
In its Smith opinion, however, the Supreme Court indicated in dicta that the Rehabilitation Act might still apply in two (2) situations. Yaris, 599 F.Supp. at 935. The first situation was alluded to by the Supreme Court, as follows:
We emphasize the narrowness of our holding. We do not address a situation where the EHA is not available or where § 504 guarantees substantive rights greater than those available under the EHA.
Smith, ___ U.S. at ___, 104 S.Ct. at 3474. The second situation was discussed by the Supreme Court in a footnote, as follows:
Of course, if a state provided services beyond those required by the EHA, but discriminatorily denied those services to a handicapped child, § 504 would remain available to the child as an avenue of relief.
Smith, ___ U.S. at ___, n. 22, 104 S.Ct. at 3473 n. 22. Plaintiffs argue that their second amended complaint falls within both of these so-called "exceptions" to the rule announced in Smith and Tatro.
It is clear to this Court that plaintiffs' second amended complaint asserts a claim for relief that is available under the EHA. Plaintiffs characterize their claim as a "discriminatory deprivation of plaintiffs' right to education" and characterizes SSD's allegedly wrongful conduct as failing and refusing to provide a "free, appropriate and non-discriminatory public school education". Plaintiffs' claim is as encompassed by the procedures available under the EHA as were the claims in Yaris. Indeed, the record of this case reflects that plaintiffs originally invoked the EHA and, pursuant to this Court's Order, the administrative procedure available to plaintiffs under the EHA was utilized. In the course of said administrative proceedings, plaintiffs' EHA claims were settled. A settlement agreement approved by this Court on April 23, 1980, provided for Terri Ann Miener's placement, education and psychiatric treatment in the Crittenton Center and Hickman-Mills School District in Kansas City, Missouri. Thus, unless the two (2) exceptions suggested by the Supreme Court in Smith are applicable to this case, it appears that the effect of plaintiffs' second amended complaint is "to circumvent the requirements or supplant the remedies of the EHA by resort to the general antidiscrimination provision of § 504 [of the Rehabilitation Act]." Smith, ___ U.S. at ___, 104 S.Ct. at 3473.
Plaintiffs argue that their second amended complaint escapes the rule declared in Smith, because plaintiffs' claim first began to accrue on February 4, 1977, whereas the EHA did not become effective until October 1, 1977. Plaintiffs also argue that the Rehabilitation Act rights asserted in their second amended complaint are substantive rights greater than those available under the EHA. First, with respect to the availability of the EHA, this Court must reject plaintiffs' argument. Although the procedures of the EHA were not technically *1430 available at the earliest date that plaintiffs' claim arose, plaintiffs did subsequently invoke the EHA administrative process until they settled their enforcement claims. In addition, while the EHA administrative process was not available to plaintiffs on February 4, 1977, it is clear that said procedures were available to plaintiffs a short time thereafter. This is clearly not the unavailability situation contemplated by the Supreme Court in Smith. As for plaintiffs' argument that the Rehabilitation Act rights asserted in their second amended complaint are greater than those guaranteed by the EHA, plaintiffs' claim is that SSD failed to treat her equally in that it failed to create the necessary programs for Terri Ann Miener's education and Terri Ann Miener's handicaps prevented her from being able to take advantage of SSD's existing programs. The substantive rights asserted by plaintiffs are not greater than those guaranteed by the EHA, because the EHA provides the procedural machinery for determining what is an "appropriate" education for Terri Ann Miener and thus provides a more precise remedy than the Rehabilitation Act. The discrimination alleged by plaintiffs in their second amended complaint is fully encompassed by the EHA. The first Smith exception is not applicable.
Plaintiffs also rely on the exception stated in footnote 22 of the Smith opinion, in that on February 4, 1977, all of the services provided by SSD were beyond those required by the EHA. Relying on footnote 22, plaintiffs maintain that the Rehabilitation Act remains available as an avenue of relief, because plaintiffs allege that SSD discriminatorily denied them services provided by SSD beyond those required by the EHA. Plaintiffs' argument must be rejected, because it is based on an erroneous interpretation of footnote 22. Footnote 22 contemplates that a state has complied with the requirements of the EHA but goes beyond said requirements and offers additional services and provides said additional services on a discriminatory basis. Plaintiffs' argument, on the other hand, is based on the premise that anything provided by SSD prior to the effective date of the EHA was "beyond those required by the EHA". This is clearly not the situation contemplated by footnote 22 in Smith. Rather, this is a variation of plaintiffs' first argument that the EHA was not available. Accordingly, footnote 22 is not applicable in this case.
Plaintiffs' second amended complaint must be dismissed on the basis of Smith, because to allow the complaint would be tantamount to allowing plaintiffs to "circumvent or enlarge on the remedies available under the EHA by resort to § 504 [of the Rehabilitation Act]." Smith, ___ U.S. at ___, 104 S.Ct. at 3474.
NOTES
[1] This holding is supported, at least in part, by the Supreme Court's subsequent decision in Smith v. Robinson, ___ U.S. ___, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984).
[2] In its simplest form, the underlying substantive issue in Yaris was whether certain handicapped children were entitled to summer programming at public expense. Yaris v. Special School District of St. Louis County, 558 F.Supp. 545 (E.D.Mo.1983).