**Christopher POWELL, etc., et al.,
Plaintiffs-Appellants,**

v.

**Ed DEFORE, et al.,
Defendants-Appellees.**

No. 82–8078.

United States Court of Appeals,
Eleventh Circuit.

March 7, 1983.

---

Laronce Beard, Augusta, Ga., for plaintiffs-appellants.

Jones, Cork, Miller & Benton, W. Warren Plowden, Jr., Frank L. Butler, III, Macon, Ga., for defendants-appellees.

Before TJOFLAT and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Christopher Powell, by and through his legal guardians and next friends, Leroy and Pamela Powell, brought this action against the Bibb County Board of Education, its members, the superintendent of Bibb County schools, and the director of the program for exceptional children. The Powells

sought declaratory, injunctive and monetary relief for alleged violations of the Education for All Handicapped Children's Act of 1975 (EAHCA), 20 U.S.C.A. §§ 1400–1415, section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 794,[1] the regulations promulgated under those statutes, and the Civil Rights Act of 1964, 42 U.S.C.A. §§ 1983, 1985. Because Christopher was removed from special education during the pendency of this lawsuit, the district court found the requests for declaratory and injunctive relief under the EAHCA and the Rehabilitation Act moot and entered summary judgment for the defendants. We affirm.

## I. FACTS

The material facts are not in dispute. Christopher Powell was born on May 1, 1973. In the summer of 1979, Christopher's parents notified Bibb County school officials that he might require placement in a special program. Based on tests and evaluations performed by a private psychologist in July, 1978, and April, 1979, the school system's placement committee assigned Christopher to a self-contained learning disability classroom. Christopher's parents agreed to this placement and the individual educational program prepared for their son.

The placement committee reviewed Christopher's progress on May 9, 1980, and determined that he should remain in the self-contained learning disability class. During the summer of 1980, Christopher's mother requested that his placement be changed to a regular classroom and submitted a psychological evaluation in support of the request. Based on this evaluation and information provided by Christopher's teacher, his learning disability team, and the school psychologist, the placement committee changed his placement to "research learning disability" and reassigned him to Duresville School. This program provided for twenty hours per week of regular classroom placement and ten hours per week of resource assistance. Again, Christopher's parents approved this placement. Upon enrolling at Duresville at the beginning of the 1980–81 school year, the principal assigned him to an EC–PC classroom. EC–PC is a Title I program which differs from other first grade classrooms in that two teachers are provided instead of one.

In October, 1980, Mr. and Mrs. Powell requested a hearing to determine the appropriateness of Christopher's placement at Duresville. At a mediation conference between parents and school system representatives in November, 1980, an agreement was reached whereby the amount of resource assistance was reduced from ten to five hours per week. Nevertheless, Christopher's parents insisted upon a hearing in order to voice their contention that Christopher should be in a regular first grade classroom without resource assistance. The hearing officer determined that resource assistance for Christopher was unnecessary and recommended a placement reevaluation. The school board rejected this decision, prompting an automatic appeal to the state board of education. The board of education reversed the hearing officer's decision and found that Christopher's current educational placement was appropriate. The Powells then filed this action on March 31, 1981.

Through discovery it was learned that Christopher had been reevaluated by a private psychologist in March, 1981. The psychologist concluded that Christopher was no longer learning disabled and could forego further special education. The psychologist recommended that Christopher be placed in a regular second grade classroom. Based on this evaluation and the results of tests performed in April, 1981, the director of the program for exceptional children requested the district court to order that Christopher be removed from special education and

---

1. This section provides in pertinent part:

No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this Title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

placed in a regular second grade class for the 1981–82 school year. With the consent of the Powells, the district court entered such an order in August, 1981. Christopher attended a regular second grade class in the 1981–82 school year and the parties informed us at oral argument that he has progressed to the third grade for the 1982–83 school year.

Because the defendants determined from test scores and psychological evaluations that the appropriate placement for Christopher was a regular second grade class with no special education, and because this was the placement sought by his parents, the district court found that portion of the complaint seeking affirmative injunctive relief under the EAHCA moot. The court refused to require school officials to remediate and compensate Christopher for the year allegedly wasted in the self-contained learning disabilities class by placing him in a regular third grade class and providing assistance to enable him to catch up with other third graders. The court similarly found the claim for affirmative injunctive relief under section 504 of the Rehabilitation Act moot because of the removal from special education. As for the Powells' claim for damages under section 504, the district court followed those decisions which refuse to recognize a right to compensatory damages for violations of section 504. *See, e.g., Boxall v. Sequoia Union High School Dist.,* 464 F.Supp. 1104, 1112 (N.D.Cal.1979). The court found that, in any event, the Powells could not prevail on their section 504 damage claim because the conclusory allegations of discrimination were factually unsupportable. Finally, the district court determined that no relief was available under section 42 U.S.C.A. §§ 1983 or 1985.

## II. DISCUSSION

The primary issue before us is whether the Powells' claims under the EAHCA are moot due to Christopher's removal from all special education during the pendency of this action in the district court. The Powells contend that Christopher must be given an opportunity to achieve his full potential commensurate with the educational oppor-

tunity provided other children. They assert that the EAHCA entitles Christopher to an appropriate remedy so that he can obtain his full academic potential and bring his academic performance up to that of his chronological peers. The defendants maintain that no justiciable controversy exists because Christopher was removed prior to the district court's decision.

Although a matter of first impression in this circuit, we agree with the district court that all claims for injunctive and declaratory relief are moot and that the Powells are not entitled to damages or attorney's fees under the EAHCA. As a general rule, compensatory damages are not available under the EAHCA. *Monahan v. Nebraska,* 687 F.2d 1164, 1169 (8th Cir. 1982); *Miener v. Missouri,* 673 F.2d 969, 979–80 (8th Cir.1982); *Anderson v. Thompson,* 658 F.2d 1205, 1208–11 (7th Cir.1981). Only in exceptional circumstances not present here are damages appropriate. *See Anderson,* 658 F.2d 1205, 1213–14. Moreover, the EAHCA does not prescribe attorney's fees for the prevailing party. *Anderson,* 658 F.2d 1205, 1217. In spite of the mootness of the injunctive and declaratory claims under the EAHCA, the Powells contend that the statute entitles Christopher to "remediation" or compensatory educational services so that he can catch up to his age group. We disagree. The stated purpose of the EAHCA is

to assure that all handicapped children have available to them ... a free appropriate public education which emphasizes special education and related services designed to meet their unique needs, to assure that the rights of handicapped children and their parents or guardians are protected, to assist States and localities to provide for the education of all handicapped children, and to assess and assure the effectiveness of efforts to educate handicapped children.

20 U.S.C.A. § 1400(c). We find nothing in the statute or its legislative history requiring a school board to remediate a previously handicapped child. Any relief sought in the nature of compensatory education is the same as a claim for damages. *Miener v. Missouri,* 498 F.Supp. 949, 951 (E.D.Mo.

1980), *aff'd in part and rev'd in part on other grounds,* 673 F.2d 969 (8th Cir.1982).[2]

 The district court correctly found that the Powells' claim for affirmative injunctive relief under section 504 of the Rehabilitation Act moot due to Christopher's removal from special education. Christopher can thus no longer be considered a handicapped child as that term is defined in the EAHCA, 20 U.S.C.A. § 1401(1).[3] The Powells' claim for compensatory damages under section 504 is based on allegations that school officials discriminated against Christopher by excluding him from a regular classroom because of his learning disability. Although section 504 has been interpreted to provide a cause of action for compensatory damages, such an action will not lie in this case. *Cf. Monahan,* 687 F.2d 1164, 1170 (8th Cir.1982) (for liability to exist, facts must show more than an incorrect evaluation); *Miener v. Missouri,* 673 F.2d 969, 979 (8th Cir.1982) (damages are available under section 504 as necessary remedy where discrimination against qualified handicapped individual is proven). The record offers no support to the Powells' allegations of discrimination. The undisputed facts concerning Christopher's placement indicate that evaluations performed by the Powells' own independent psychologist disclosed bona fide educational reasons for the special attention. As did the district court, we too fail to perceive how providing needed educational services based upon professional recommendations can constitute discrimination.

2. The Powells requested expungement of Christopher's files while this litigation was pending. The district court ruled that the decision whether to expunge his files must be made by school system officials. Title 34 C.F.R. § 300.-573 provides that:

(a) The public agency shall inform parents when personally identifiable information collected, maintained, or used under this part is no longer needed to provide educational services to the child.

(b) The information must be destroyed at the request of the parents. However, a permanent record of a student's name, address, and phone number, his or her grades, attendance record, classes attended, grade level completed, and year completed may be maintained without time limitation.

 Finally, Congress intended that the judicial remedy provided in the EAHCA to be exclusive. *Anderson,* 658 F.2d 1205, 1215–17. Thus, the Powells' section 1983 claim is not cognizable in this action. *McGovern v. Sullins,* 676 F.2d 98, 99 (4th Cir.1982). *See also, Pennhurst State School & Hosp. v. Halderman,* 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981).

For the above reasons, we affirm the district court's entry of summary judgment in favor of the defendants.

AFFIRMED.

Now that this matter is concluded, defendants' counsel informed us at oral argument that, upon request, their client would comply with this regulation and expunge Christopher's files of information maintained as a part of his special educational services.

3. Title 20 U.S.C.A. § 1401(1) states:

The term 'handicapped children' means mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed, orthopedically impaired, or other health impaired children, or children with specific learning disabilities, who by reason thereof require special education and related services.