Frederick Lindsay, a minor, and Dolores Lindsay, as mother and natural guardian, Appellants *v.* Arthur Thomas et al., Appellees.

Argued June 7, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, WILLIAMS, JR. and DOYLE.

*David L. Harbaugh*, with him *Lawrence M. Schall*, for appellants.

*Constance B. Foster*, with her *John M. Elliott, Lawrence D. Berger,* and *Sheryl L. Auerbach, Dilworth, Paxson, Kalish & Levy,* of counsel: *Robert T. Lear,* Assistant Counsel for appellees.

*William Fearen*, with him *Michael I. Levin, Cleckner and Fearen,* for Amicus Curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE BLATT, September 14, 1983:

Frederick Lindsay and his mother, Dolores Lindsay (appellants), appeal from an order of the Court of Common Pleas of Philadelphia County which sustained the appellees'[1] preliminary objections and thereby dismissed the appellants' complaint with prejudice.

The appellants seek damages in trespass from the appellees and allege that the School District violated the special education provisions found in Sections 1371 and 1372 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§13-1371—13-1372. They assert that the appellant, Frederick Lindsay, suffers from a "specific learning disability" and that during his attendance at a Philadelphia public school, the appellees failed to identify him as a student requiring special education classes and failed to educate him properly. The only claim which is now before this Court is the appellants' claim for money damages, which, they contend, is owed to

---

[1] The appellees herein include the School District of Philadelphia, former and current members of its Board of Education, the former and current Superintendent of Schools and three other former or current School District administrators.

them as a result of the alleged mental and emotional suffering and loss of earnings which they have experienced by virtue of the appellees' failure to follow the statutory mandates of the Public School Code.

The appellees contend that the trial court correctly determined that no private cause of action for money damages can be implied from Sections 1371 and 1372 of the Public School Code. They argue that, inasmuch as there is no Pennsylvania case law directly on point, the intent of the legislature is the controlling factor, and the legislature did not intend the creation of a private cause of action for the breach of the statutory duty here in question.

It is undisputed that the appellees have a statutory duty to identify exceptional children and a duty to provide them with a proper education. These duties are clearly spelled out in Sections 1371 and 1372 of the Public School Code. There is, however, no statutory provision whatever for a monetary remedy arising out of a breach of these statutory duties. Of course, the appellants here had other remedies to compel compliance with the statutory duties, and, indeed, did avail themselves successfully of two such remedies.[2] Here, however, they ask us to imply a private

---

[2] Frederick Lindsay brought a civil rights action on behalf of himself and "all children attending public school within the City of Philadelphia who have specific learning disabilities and who are deprived of education appropriate to their special needs." In that case, the court ordered the appellees to identify learning disabled children and to provide them with an appropriate education. Injunctive relief was ordered. *Frederick L. v. Thomas*, 419 F. Supp. 960 (E.D. Pa. 1976), *aff'd*, 557 F.2d 373 (3rd Cir. 1977).

Additionally, when Frederick was enrolled in a school which his mother believed was inappropriate for him, she filed an administrative appeal, the result of which was an order by the State Secretary of Education that Frederick be transferred to a school which had an educational program for learning disabled children.

cause of action for money damages from Sections 1371 and 1372 of the Public School Code.

We note that the United States Supreme Court has recently stated that a court's sole function in determining whether or not to imply a cause of action from a statutory provision is to determine the legislative intent. *Touche-Ross & Co. v. Redington,* 442 U.S. 560 (1979).

We also note that the statutory and regulatory scheme for the education of exceptional children in Pennsylvania is consistent with the federal scheme of educating handicapped students as required by the Education for All Handicapped Children Act of 1975 (Act), 20 U.S.C. §§1047-1461. In fact, Pennsylvania receives funds for the education of our exceptional children pursuant to this Act. We believe, therefore, that the interpretation of the legislative intent of that Act may be instructive for our analysis, and we further note that, in *Loughran v. Flanders,* 470 F. Supp. 110 (D. Conn. 1979), a federal district court flatly held that there is no implied cause of action arising out of violations of the Act. The court there reasoned that:

> [T]here is a common theme contained within the legislative history of these acts for which the plaintiff traces his alleged cause of action. Each demonstrates a congressional *attempt to improve the educational opportunities* afforded the estimated four million handicapped students who, due to the limited financial and educational resources of the states, were not receiving an adequate education. The acts sought to mitigate this problem by providing funds to expand and improve the educational resources of the several states.

The legislative histories of these acts share a second common trait; *each is devoid of even the slightest suggestion that Congress intended for it to serve as a vehicle for which to initiate a private cause of action for damages.* (Emphasis added.)

*Id.* at 114.

After a careful reading of the pertinent sections of the Public School Code, we believe that the intent of our legislature in drafting the legislation here in question was similar to the intent of Congress in enacting the Education for All Handicapped Children Act of 1975: *i.e.* improving the educational opportunities afforded to exceptional children. And we agree with the court in *Loughran* that there was no intention whatsoever to provide a private cause of action for money damages. Finding no legislative intention to imply a private cause of action, therefore, we will not imply one. *Touche-Ross.*[3]

Moreover, we would note that Section 1504 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1504, provides that:

[I]n all cases where a remedy is provided or a duty is enjoined or anything is to be directed to *be done by statute,* the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, ... in such cases, *further than shall be necessary* for carrying such statute into effect. (Emphasis added.)

Clearly there are other remedies available to assure compliance with the Public School Code provisions

---

[3] The result which we have reached here is in accord with the results reached in other jurisdictions which have considered this same issue. *See D.S.W. v. Fairbanks North Star Borough School District*, 628 P.2d 554 (Alaska 1981); *Doe v. Board of Education of Montgomery County*, 295 Md. 67, 453 A.2d 814 (1982).

relating to the education of exceptional children, and it is unnecessary to impose money damages as a means of "carrying [the] statute into effect."

We will affirm the order of the court of common pleas.

ORDER

AND Now, this 14th day of September, 1983, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.