815 F.2d 629
 38 Ed. Law Rep. 909
 Eric Anderson JENKINS, a minor, By and Through his mother
and next friend, Catherine JENKINS, and Catherine
Jenkins, individually, and on Behalf of
all others similarly situated,
Timothy Burton, a minor, By and Through his mother and next
friend, Maggie Lee Burton, and Maggie Lee Burton,
individually, on their Behalf and on Behalf of all others
similarly situated, Plaintiffs-Appellants,
v.
The STATE OF FLORIDA and Robert Graham, as Governor of the
State of Florida; and David Pingree, as Secretary of the
State of Florida Department of Health and Rehabilitative
Services, Defendants-Appellees.
 No. 86-3307
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 April 24, 1987.
 Harden King, Asst. Gen. Counsel, Dept. of Health & Rehabilitative Services, B. Elaine New, Tallahassee, Fla., for Pingree.
 Eric Joseph Taylor, Asst. Atty. Gen., Dept. of Legal Affairs, Civ. Div., Tallahassee, Fla., for State of Florida and Graham.
 Anne Swerlick, Kent R. Spuhler, Jacksonville Area Legal Aid, Lamar Winegeart, III, Jacksonville, Fla., for appellees/cross appellants.
 Appeal from the United States District Court for the Middle District of Florida.
 Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this case, the district court held that the defendants violated the Education for All Handicapped Children Act of 1975, 20 U.S.C.A. Sec. 1400, et seq., granting declaratory and injunctive relief. The appeal from that decision was voluntarily dismissed. The district court denied, however, the plaintiffs' claim for reimbursement of tuition fees. Plaintiffs appealed. In light of the recent Supreme Court decision in Burlington School Comm. v. Mass. Dept. of Educ., 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985), the denial of reimbursement is vacated and the case is remanded for consideration of plaintiffs' claim under the correct legal standard.
 
 
 2
 The district court denied reimbursement because it found no evidence of exceptional circumstances as required by Powell v. Defore, 699 F.2d 1078, 1081 (11th Cir.1983), and Anderson v. Thompson, 658 F.2d 1205 (7th Cir.1981). The Anderson Court, viewing a request for reimbursement as a request for compensatory damages, held that reimbursement is appropriate only in exceptional circumstances, i.e., (1) where the school district's placement of the child would endanger the child's physical health, and (2) when the school district acted in bad faith in failing to comply with the Act's procedural provisions in an egregious fashion. Anderson, 658 F.2d at 1213-14. The Powell plaintiffs sought tort damages and the Court held that the Anderson exceptional circumstances were required for relief.
 
 
 3
 Both parties agree on this appeal that the Supreme Court has implicitly established a different standard for determining the appropriateness of reimbursement as a remedy under section 1415(e)(2) of the Act. The First Circuit dealt with this issue in Town of Burlington v. Dept. of Educ., 736 F.2d 773 (1st Cir.1984). The Supreme Court granted certiorari to consider whether potential relief under section 1415(e)(2) includes reimbursement of private school tuition and related expenses, and whether section 1415(e)(3) bars such reimbursement to parents who unilaterally place a child in a private setting. The Court held that reimbursement is authorized by the Act, 471 U.S. at 369, 105 S.Ct. at 2003, 85 L.Ed.2d at 395, and rejected the argument characterizing reimbursement as "damages." According to the Court, "[r]eimbursement merely requires the [defendant] to belatedly pay expenses that it should have paid all along and would have borne in the first instance had it developed a proper [individualized educational program]." Id., 471 U.S. at 370, 105 S.Ct. at 2003, 85 L.Ed.2d at 396. The Court also held that violation of section 1415(e)(3) does not constitute a waiver of reimbursement. Although the Court reserved opinion on the many other views expressed in the First Circuit's opinion, it appears clear that the Court views reimbursement as an equitable remedy. First, the Court stated:
 
 
 4
 In dictum the [First Circuit] suggested, however, that a lack of parental consultation with the Town or 'attempt to achieve a negotiated compromise and agreement on a private placement,' as contemplated by the Act, 'may be taken into account in a district court's computation of an award of equitable reimbursement.' To guide the District Court on remand, the court stated that 'whether to order reimbursement, and at what amount, is a question determined by balancing the equities.'
 
 
 5
 Id., 471 U.S. at 366, 105 S.Ct. at 2001, 85 L.Ed.2d at 393. The Court concluded its opinion by stating:
 
 
 6
 We thus resolve the questions on which we granted certiorari; because the case is here in an interlocutory posture, we do not consider the estoppel ruling below or the specific equitable factors identified by the Court of Appeals for granting relief. We do think that the court was correct in concluding that 'such relief as the court determines is appropriate,' within the meaning of Sec. 1415(e)(2), means that equitable considerations are relevant in fashioning relief.
 
 
 7
 471 U.S. at 374, 105 S.Ct. at 2005, 85 L.Ed.2d at 398.
 
 
 8
 The First Circuit's view that equitable considerations, less restrictive than those presented in Anderson, control reimbursement determinations is consistent with other circuits. See Alamo Hgts. Ind. Sch. Dist. v. State Bd. of Educ., 790 F.2d 1153, 1161 (5th Cir.1986); McKenzie v. Smith, 771 F.2d 1527, 1535-36 (D.C.Cir.1985). Although this Circuit has not directly addressed the issue since the Burlington decision, this Court has expressed the view that the Anderson holding on reimbursement availability was no longer good law in light of the Supreme Court's Burlington decision. Manecke v. School Bd. of Pinellas County, Florida, 762 F.2d 912, 915-16 n. 2 (11th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 809, 88 L.Ed.2d 784 (1986).
 
 
 9
 In light of Burlington, the district court's reliance on Anderson and Powell was misplaced. Anderson presents too restrictive a test to determine the appropriateness of reimbursement as a remedy. Whether reimbursement is appropriate, and at what amount, should be determined by balancing the equities of the particular case.
 
 
 10
 Although the plaintiffs suggest in their brief that this Court should order reimbursement, the defendants correctly argue that they have had no chance to present facts on the equity issue and the case must be remanded so that the district court can consider the reimbursement claim under the appropriate standard.
 
 
 11
 VACATED and REMANDED.