Jeanne SMITH, By and on Behalf of Katherine Joy SMITH and Jeanne Smith, in her own right

v.

**PHILADELPHIA SCHOOL DISTRICT**

v.

**Richard B. SHOHEN.**

Civ. A. No. 87-3497.

United States District Court, E.D. Pennsylvania.

Feb. 3, 1988.

**480**

Elinore Kolodner and Cheryl L. Young, McTighe, Weiss, Stewart, Bacine & O'Rourke, Norristown, Pa., for plaintiffs.

Robert T. Lacher and Harry S. Tischler, School District of Philadelphia, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, Senior District Judge.

Plaintiffs' complaint attempts to assert a federal civil rights cause of action for damages against the School District of Philadelphia and an individual person, Richard B. Shohen. The dispute between the parties centers around the public educational program provided to Katherine Joy Smith, who was a seven year old, second grade public school student during the school year 1984–1985. Plaintiffs allege that the child Katherine received an "inappropriate education" because of the School District of Philadelphia's policy to "teach all stu-

dents at the same grade level"; that is, that "all students in one grade are taught at that grade level, rather than dividing each class into groups or tracts." Complaint ¶ 7. The complaint alleges as the basis for federal jurisdiction, 28 U.S.C. § 1343, Complaint ¶ 4. The complaint also alleges that "Katherine Joy Smith suffered grievous emotional and physical harm, all of which is in violation of her rights under the laws of the Constitution of the United States, in particular the 14th amendment and 42 U.S.C. § 1383, 1985 and the laws of Pennsylvania."[1] Complaint ¶ 34.

Defendants have moved to dismiss the complaint for various reasons, including failure to state a claim upon which relief can be granted. The motion to dismiss will be granted.

For purposes of ruling on the motion to dismiss, the factual allegations of the complaint must, and will, be treated as accurate. Accordingly, Katherine Joy Smith was enrolled in the public school system of the Philadelphia School District when she was six years old, although the mandatory age for enrolling school children is eight years old. During her second grade year at school she was having reading difficulties and difficulty in "keeping up" with her class. Because of these observed problems, she was tested by school authorities to determine whether she should be classified as "learning disabled." Results of some of the tests would characterize her as learning disabled while other tests tended to establish that she was not learning disabled. Complaint ¶ 8.[2] Katherine Smith's

---

**1.** Plaintiff's citation to "42 U.S.C. § 1383" is obviously incorrect as that statute refers to Supplemental Security Income benefits. Count 1 of the complaint seeking monetary damages for Katherine Smith is entitled, "Violation of Equal Protection." Probably plaintiffs' counsel intended to allege 42 U.S.C. § 1983. Curious also is the allegation and reference to 42 U.S.C. § 1985. Nowhere in the complaint is there any allegation, either directly or indirectly, of any conspiracy between or among any persons or entities. Although the complaint makes frequent allegations as to actions and activities of the individu-

al person, Richard B. Shohen, the complaint fails to provide any identification of his association with the School District of Philadelphia except for a reference to his place of business at the school where Katherine was enrolled. Complaint ¶ 3.

**2.** Because of inconsistent allegations of the complaint, it is unclear whether Katherine was classified by the school district as "learning disabled." Paragraph 9 of the complaint flatly alleges that Katherine "was declared learning disabled," whereas paragraph 20 alleges that

mother Jeanne, also a plaintiff, requested that she be permitted to teach her daughter at home, but she was advised "there was no way" she could do this, despite an authorized home teaching program in Pennsylvania. She requested information as to such a program from the School District of Philadelphia, but was never advised about the program.

Katherine became ill daily because of frustration and pressure exerted upon her by school officials regarding her reading problems. As a result, Jeanne Smith removed her daughter from school without obtaining permission from the school authorities. On April 22, 1985, a criminal complaint was filed against Jeanne Smith for her daughter's truancy. These charges were subsequently dismissed.[3] The truancy charges against Jeanne Smith were brought much more quickly than such charges are normally brought following a child's unexcused absences from school. Katherine's school records were altered to show unexcused absences on some occasions when absences had previously been excused.

The complaint seeks only monetary damage awards. It apparently seeks such damages on behalf of both Katherine and her mother Jeanne Smith for emotional and physical harm caused by the "unlawful actions of defendant." Complaint ¶ 34. The complaint fails to specify which defendant each plaintiff seeks to hold liable, but apparently Katherine's claim seeks damages only against the School District of Philadelphia.

Count II of the complaint is entitled, "Smith v. Shohen," but fails to identify which plaintiff is intended. Count II appears to seek monetary damages against defendant Richard B. Shohen. There is no

allegation of any basis for federal jurisdiction as to Count II. Plaintiffs' brief in opposition to the motion to dismiss (p. 14) contends only that "Federal Court has jurisdiction pursuant to pendant jurisdiction." Also, it would appear from plaintiffs' brief that the claim in Count II is only against defendant Richard B. Shohen. As nearly as can be gleaned from the complaint and plaintiffs' brief, the claim against Richard B. Shohen is either for false arrest,[4] malicious prosecution, or some undefined tort of malicious harassment—possibly intentional infliction of emotional distress.

The complaint identifies Richard B. Shohen only as "an individual with a place of business at the Watson Comly Elementary School, Byberry annd Kelvin Roads, Philadelphia, Pennsylvania, 19116." ¶ 3. Nowhere in the complaint is there any allegation that Mr. Shohen had or has any official or even unofficial position, connection or association with the School District of Philadelphia. No affidavit has been filed setting forth his position. The only reference to Mr. Shohen's status is on page 17 of plaintiffs' brief where plaintiffs state that this action "only names the school district and the principal of the school that failed to provide an education for Plaintiff Katherine Smith."

█ On the basis of the allegations in the complaint, it is quite clear that there is no federal cause of action against Richard B. Shohen, and any claims against him can only be sustained on the basis of pendent jurisdiction. In order for there to be any possible federal civil rights action asserted against him, in the context of this case, Mr. Shohen's actions or inactions would have to have been taken as a result of "state action." So far as the allegations of the complaint disclose, Mr. Shohen is simply a

---

defendant Shohen, although deliberately obstructing her classification by claiming that the test results showed she was not learning disabled, nevertheless "pressured Jeanne Smith [the mother of Katherine] to place Katherine Joy Smith in a Learning Disabled Program, despite the child's test results indicating that such placement was not proper."

**3.** Although disputed by defendants, plaintiffs allege that the Judge who heard the case "held

that the charges should not have been brought and all records should be expunged." Complaint ¶ 16. Again, for purposes of the motion, I will accept this allegation as true.

**4.** There is no allegation of lack of probable cause for the arrest, and in light of the allegations of the complaint that the mother intentionally removed the child from school without permission, such an allegation would seemingly be impossible to make in good faith.

private individual person. There has been no attempt to amend the complaint. Plaintiffs' counsel is apparently only claiming pendent jurisdiction over Mr. Shohen and asserting only state law claims against him. However, to the extent, if any, that plaintiffs are seeking to assert some violation of their federal civil rights by the defendant Richard B. Shohen, such claims will be dismissed for failure to state a claim upon which relief can be granted.

█ The more substantial issue is whether plaintiffs have stated any cognizable federal cause of action against the School District of Philadelphia. The complaint is certainly not clear as to the theory of liability and plaintiffs' brief in opposition to the motion to dismiss is not enlightening. Count I, entitled "Violation of Equal Protection," appears to contend that the allegedly "inappropriate education" being provided by the School District of Philadelphia somehow denies Katherine Smith equal protection of law to which she is entitled by the fourteenth amendment of the Constitution of the United States. In paragraph 28 of the complaint, plaintiffs allege that "Pennsylvania Statue [sic] 24 Pa. § 5002(a) states that is [sic] is the policy of Pennsylvania that all persons should have equal opportunities for education." From this statute, plaintiffs seem to contend that failure to provide an individualized educational program appropriate to each child's individual skills and abilities is a federal constitutional failure to provide equal protection.

Plaintiffs fail to cite the entire section of Pa.Stat.Ann. tit. 24, § 5002(a) (Purdon 1987), which provides:

It is hereby declared to be the policy of the Commonwealth that all persons shall have equal opportunities for education regardless of their race, religion, color, ancestry, national origin or sex.

Significantly, there is no allegation or contention that the educational opportunities provided to Katherine Smith differed in any way from the educational opportunities provided to other students because of any discrimination or bias on account of her race, religion, color, ancestry, national origin or sex. Instead of treating her differently from other students similarly situated, the complaint makes quite clear that Katherine was treated exactly the same as all other students. The complaint alleges, inter alia, as follows:

29. In order for a child to benefit from its public education, the education must be appropriate to that child.

30. The policy in the Philadelphia School District is to teach each child as if that child were at the same learning level as every other child in the same age group.

31. This policy denies an appropriate education to children who are either ahead or behind the average children in his or her class.

32. In the instant case, Plaintiff Katherine Joy Smith was reading at a level approximately one or two grades behind her grade level. Nevertheless, she was taught at the grade level she was in. When she could not satisfactorily complete the assignments, she was labeled as learning disabled and pressure was placed upon the family to place her in a special educational program.

33. Because Defendant District did not provide Plaintiff Katherine Joy Smith with a reading education appropriate to her reading level, she was denied equal protection of the laws under the United States Constitution and the Pennsylvania Statutes.

Other paragraphs of the complaint make clear that plaintiffs' basic contention is that failure to provide an individualized educational program appropriate to each child's learning ability violates the equal protection clause of the fourteenth amendment of the United States Constitution. For example, paragraph 7 of the complaint states:

7. It is the Defendant School District's formal policy to teach all students at the same grade level. Specifically, all students in one grade are taught at that grade level, rather than dividing each class into groups or tracts. This policy resulted in an inappropriate education for Plaintiff, Katherine Joy Smith.

*See also* paragraph 25 of the Complaint which provides:

> 25. Defendant Shohen ordered all teachers at Comly Elementary School including Plaintiff Katherine Joy Smith's teachers, to teach all pupils at grade level and eliminate reading groups and levels within each class.

Thus, plaintiffs are not contending that Katherine was treated any differently from any other student similarly situated. Quite to the contrary, plaintiffs' contention can only be construed to mean that because Katherine Smith was not treated differently and individually, she was denied equal protection of the law. Somewhat inconsistently, the complaint also seems to allege that the School District of Philadelphia and the school authorities somehow violated plaintiffs' civil rights by attempting to place Katherine in some specialized reading program as a "learning disabled" child against the plaintiffs' will and by not allowing her mother to remove the child from school.

For purposes of deciding this motion, I will assume that it is the enlightened policy of the Commonwealth of Pennsylvania to make available to every child within the state a free public education appropriate to that child's needs. *See Frederick L. v. Thomas,* 408 F.Supp. 832, 836 (E.D.Pa. 1976), *aff'd,* 557 F.2d 373 (1977). This does not mean that federal courts, under the guise of the equal protection clause of the fourteenth amendment, should become the overseers of how best to implement such policy whenever there is a dispute between parents and school authorities as to an appropriate educational program for a child who is having difficulty "keeping up" with the child's classmates. Where facially adequate allegations are made that a child is being denied all educational opportunities or that the education afforded is so deficient as to be a nullity, an action for damages may be allowed to proceed. Such was the case in *Fialkowski v. Shapp,* 405 F.Supp. 946 (E.D.Pa.1975), where severely retarded children were being taught in reg-

ular classes. The Smiths, however, do not present such a case. Plaintiffs seek only monetary damages for the alleged physical and emotional harm caused to them. It appears that plaintiff Jeanne Smith contends that although her child Katherine is not a "learning disabled" child, the educational opportunities afforded the child are inappropriate because she has reading difficulties and the school does not provide for separate groups or tracts of pupils within any given grade class.

The cases are clear that, under state law, neither a parent nor a child who is not handicapped [5] may maintain a cause of action for damages based on a claim that the child is or has received an inadequate, deficient or, as alleged in this case, inappropriate education or educational opportunity. *Lindsay v. Thomas,* 465 A.2d 122 (Pa. Commw.1983); *Agostine v. School District of Philadelphia,* 527 A.2d 193 (Pa.Commw. 1987), the Commonwealth court held that the Pennsylvania mandate that the legislature provide for a thorough and efficient system of public education "does not confer an individual right upon each student to a particular level or quality of education," *id.* at 195. The Court further stated that a "school district is *not* required to devise an educational program which makes the best use of each student's abilities." *Id.* at 196. Finally, the Court reaffirmed its holding in *Lindsay* that there was no provision for monetary damages for breach of any duty to provide each child with a proper education. In *Lindsay,* a case factually similar to this case, plaintiff alleged that the school failed to diagnose the plaintiff as learning disabled and placed the child in a regular class.

■ Plaintiffs do not rely in any way upon the federal Education for All Handicapped Children Act. No mention of this statute is made in the complaint or in the plaintiffs' brief opposing the motion to dismiss. Even if plaintiffs sought to rely on this statute, either for jurisdictional or sub-

---

**5.** A cause of action based on an inappropriate education for a handicapped child may be maintained under the federal Education for all Handicapped Children Act, 20 U.S.C. §§ 1401–1461 (*See* discussion at 10–11).

stantive purposes, this action must be dismissed. The cases are legion that the Education for All Handicapped Children Act does not provide a private cause of action for damages for physical or emotional harm. The procedural safeguards written into the statute do permit private actions for injunctive and declaratory relief and allow compensation for alternative educational programs and attorney's fees in certain cases.[6] 20 U.S.C. § 1415. The statute does not, however, provide for a damage action for physical or emotional ills or distress, which is the sole relief sought in this case. *Colin K. by John K. v. Schmidt,* 715 F.2d 1 (1st Cir.1983); *Marvin H. v. Austin Independent School District,* 714 F.2d 1348 (5th Cir.1983) (no claim for damage under Education for All Handicapped Children or 42 U.S.C. § 1983); *Powell v. Defore,* 699 F.2d 1078 (11th Cir.1983) (no cause of action under either statute); *Miener v. State of Missouri,* 673 F.2d 969, 979–980 (8th Cir.), *cert. denied,* 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982); *Sanders by Sanders v. Marquette Public Schools,* 561 F.Supp. 1361 (W.D.Mich.1983); *Mark R. v. Board of Education,* 546 F.Supp. 1027 (N.D.Ill.), *aff'd,* 705 F.2d 462 (7th Cir.1982); *Loughran v. Flanders,* 470 F.Supp. 110 (D.Conn.1979).

Plaintiffs have stated no federal cause of action. Therefore, to the extent that plaintiffs seek to assert any state causes of action based on pendent jurisdiction, those causes of action, if any, will be dismissed. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1965).

■ Defendants contend that the complaint contains untrue allegations of fact and is so totally lacking in merit as to justify the imposition of sanctions and an assessment of attorney's fees in favor of defendants pursuant to Federal Rule of Civil Procedure 11. Some of the factual allegations of the complaint appear to be irreconcilably inconsistent with other factual allegations. The obvious mis-citation of statutes[7] and the rather frequent typographical errors in the complaint make it at least questionable that the attorney signing the complaint read it carefully. The purpose of Rule 11 sanctions is to require reasonable inquiry and legal research before an action is filed and to prevent the filing of frivolous lawsuits for improper purposes, such as harassment, where there is no possibility of success. Certainly, however, Rule 11 sanctions should not be used to foreclose the filing of lawsuits that have some possible basis in fact or law, or might, if properly presented, provide a justiciable issue. Rule 11 must not be used to stifle new and innovative developments of the law. Plaintiffs in this case, in substance, contend that because a slow student was not provided an individualized education, the student and her parents are entitled, under the Constitution and laws of the United States, to damages for physical and emotional stress and harm caused to them by the alleged violation of their federal civil rights. I have concluded that plaintiffs have not stated a cause of action and, therefore, the action must be dismissed. Nevertheless, I do not regard the mere filing of an action on this untenable theory so completely lacking in merit or so lacking in factual or legal support as to impose sanctions under Rule 11.

Because I will dismiss the action for failure to state a claim upon which relief can be granted, I need not and will not address other substantial issues raised by defendants' motion, including the applicable statute of limitations and immunity.

---

**6.** *See Muth v. Central Bucks School District,* 839 F.2d 113 (3d Cir.1988).

**7.** Even plaintiffs' brief contains inexplicable error. Page 17 of the brief cites to a case involving an issue of municipal liability under 42 U.S.C. § 1981 and then asserts: "In the instant case, Plaintiffs have made § 1981 allegations." The complaint contains no allegation of or reference to 42 U.S.C. § 1981. Indeed, it would appear that no such allegation could in good faith be made if it is correct, as defendants contend, that Jeanne and Katherine Smith as well as Richard B. Shohen are all of the white race. Because of such carelessness and reckless disregard of the record, analyzing plaintiffs' claims and parsing them has been an arduous task.

## ORDER

Upon consideration of defendants' motion to dismiss the complaint and for sanctions under Federal Rule of Civil Procedure 11, plaintiffs' answer thereto, and the briefs of the parties, for the reasons stated in the accompanying memorandum, it is

Ordered that plaintiffs' complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); it is further

Ordered that defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 11 is denied; it is further

Ordered that Civil Action 87–3497 is dismissed.