931 F.2d 1469
 67 Ed. Law Rep. 493
 Eric Anderson JENKINS, Minor, By and Through his mother,
Catherine JENKINS, et al., individually, and on
behalf of all others similarly situated,
Plaintiffs-Appellees,
v.
The STATE OF FLORIDA; Lawton Chiles as Governor of the
State of Florida; and Gregory Coler, as Secretary of the
State of Florida Department of Health and Rehabilitative
Services, Defendants-Appellants.
 No. 90-3394.
 United States Court of Appeals,
Eleventh Circuit.
 May 24, 1991.
 
 John H. Hedrick, Asst. General Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, Fla., for defendants-appellants.
 Kent R. Spuhler, Jacksonville Area Legal Aid, Inc., Lamar Winegeart, III, Jacksonville, Fla., Anne Swerlick, Tallahassee, Fla., for plaintiffs-appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before ANDERSON, Circuit Judge, and RONEY* and LIVELY**, Senior Circuit Judges.
 LIVELY, Senior Circuit Judge:
 
 
 1
 This is the second appeal in a case that was brought under the Education for All Handicapped Children Act of 1975, 20 U.S.C. Sec. 1400 et seq. (the Act). Our consideration of the single issue presented by the defendants in this appeal is controlled by res judicata principles, which require that we affirm the judgment of the district court.
 
 I.
 A.
 
 2
 The plaintiffs in this class action, suing by their parents, are developmentally disabled children between the ages of 5 and 17 who are entitled under the Act to a free appropriate public education through the secondary level that is designed to meet their unique needs. The individual educational program developed for each of the plaintiffs requires that these children be placed in private or public residential programs in order to provide the necessary special education and related services. Under the Act and accompanying regulations the entire program for each child, including non-medical care and room and board, must be at no cost to the parents of the child. 20 U.S.C. Sec. 1413(a)(4)(B)(i); 34 C.F.R. Sec. 300.302. The placements are made by the Florida Department of Health and Rehabilitative Services (the DHRS) pursuant to Chapter 393 of the Florida Statutes.
 
 
 3
 In their complaint the plaintiffs contended that residential placements of school-age children by the defendants are educationally related within the meaning of the Act and that the State may not charge maintenance fees. The plaintiffs sought declaratory and injunctive relief and reimbursement of maintenance fees collected under specified statutes, FLA.STAT. Secs. 402.33 and 393.071. The defendants asserted that a placement decision by the DHRS pursuant to Chapter 393, FLA.STAT. is not an educational placement and does not come within the purview of the Act. The DHRS charged maintenance fees pursuant to the statutory provisions referred to in the complaint.
 
 B.
 
 4
 Following a bench trial the district court granted a declaratory judgment to the effect that collection of maintenance fees violates the Act and entered a permanent injunction against the defendants, which prohibited them from "charging or collecting any maintenance fees from Plaintiffs and plaintiff class pursuant to Sections 402.33 and 393.071, FLA.STAT."' In its opinion and order entered on June 21, 1985, the district court stated that the declaration that maintenance fees could not be charged and the injunction against collecting them was based on its conclusions that all residential placements under Chapter 393 are required for educational purposes within the meaning of the Act and that "Defendants have violated the EHA [the Act] and regulations promulgated thereunder by charging and collecting maintenance fees from the plaintiff class pursuant to Sections 402.33 and 393.071, FLA.STAT."' The district court denied the plaintiffs' claim for reimbursement of maintenance fees previously collected by the defendants upon finding no "exceptional circumstances" or bad faith.
 
 C.
 
 5
 The defendants filed a motion to alter or amend the judgment "to clarify for the Defendants the Court's Order of June 21, 1985." In that motion the defendants asked the court to clarify what it meant by "any maintenance fees." The defendants stated in their motion that the case concerned collection of fees for maintenance from parents, but that such fees were only a part of the maintenance fees collected by the DHRS. In addition, the agency collected fees from such "third-party payors" as Social Security, Supplemental Security Income, Medicare, Medicaid, and other services. The defendants stated that they were uncertain whether the prohibition in the order against collecting "any maintenance fees" included those received from third-party sources, described as "benefit payments," as well as those collected directly from parents.
 
 
 6
 In response to the defendants' motion the plaintiffs argued specifically that "benefit payments" were included in the June 21, 1985, order. Thus, this issue was clearly presented to the district court at that time.
 
 
 7
 The district court denied the motion without amplification in an order entered April 10, 1986, and the defendants filed a notice of appeal from "the Orders and Final Judgments of this Court entered June 21, 1985, and April 10, 1986." The plaintiffs cross-appealed the denial of reimbursement.
 
 II.
 
 8
 The case took a strange turn following the notices of appeal. For some unexplained reason the defendants voluntarily dismissed their direct appeal. The plaintiffs, nevertheless, persisted in their cross-appeal, and thus the only issue before this court was whether the district court erred in denying reimbursement. In Jenkins by and Through Jenkins v. State of Florida, 815 F.2d 629 (11th Cir.1987), this court found that a recent Supreme Court decision had implicitly established a different standard for determining the appropriateness of reimbursement than the one applied by the district court. The case was remanded for reconsideration of the reimbursement claim under the appropriate standard. Id. at 631.
 
 
 9
 Following remand the parties entered into two joint stipulations. In the first the parties stipulated that the plaintiffs were entitled to reimbursement of maintenance fees collected directly from parents of the handicapped children. The second stipulation provided that the plaintiffs' entitlement to reimbursement of maintenance fees collected from third parties turned on the question of whether the June 21, 1985, injunction prohibited the defendants from collecting maintenance fees from such benefit payments. The parties then filed cross-motions for summary judgment addressed to this single remaining issue in the case.
 
 
 10
 In an order entered March 16, 1990, the district court granted the plaintiffs' motion for summary judgment and denied that of the defendants. The court stated that it had previously considered the issue of whether collection of benefit payments is permissible. The court then quoted from its June 21, 1985, order in which it referred specifically to sections 402.33 and 393.071 of Florida Statutes and permanently enjoined the defendants from charging or collecting "any maintenance fees" from the named plaintiffs and the plaintiff class pursuant to those sections.
 
 
 11
 The district court then stated that "[a]s a result of these prior rulings, the Defendants are estopped from now asserting that the issue of benefit payments was never before the Court and, therefore, cannot be considered now. The Defendants are bound by the Court's prior ruling on this issue which obviously was considered by the Court in its rulings of June 21, 1985 and April 10, 1986."
 
 
 12
 Once again the defendants made a motion to alter or amend the order or for rehearing and the district court denied the motion in an order entered April 24, 1990. The defendants then brought this appeal, purportedly from both the June 21, 1985, order and the order of March 16, 1990.
 
 III.
 A.
 
 13
 The defendants cannot now appeal the order of June 21, 1985. They filed a timely notice of appeal from that order on May 9, 1985, but thereafter voluntarily dismissed the appeal. The order of June 21, 1985, then became final, and there can be no further appeal from it.
 
 
 14
 The only questions now on appeal are whether the district court correctly determined that the issue of the legality of charging and collecting third-party benefit payments was before the court in the class action and whether the opinion and order of June 21, 1985, resolved that issue. The correctness of the decision to order reimbursement of third-party benefit payments once the district court had interpreted its prior order is not before us.
 
 B.
 
 15
 Few orders are entitled to as much deference as one interpreting an earlier order in the same case by the same judge who issued the previous order. The record fully supports Judge Moore's conclusion that this issue was before the court in the class action and was decided in the June 21, 1985, order. The complaint referred by section number to the very Florida statutes that authorized collection of maintenance fees without limiting the issue to fees paid directly by the parents of handicapped children. The June 21 order and opinion prohibited the defendants from charging or collecting any maintenance fees from the plaintiffs pursuant to the same statutory provisions. Even more compelling is the fact that the defendants raised this very issue in a motion to alter or amend to "clarify" the order, and the district court denied the motion. There can be no doubt from this record that the district court correctly held that the issue of the DHRS's collection of third-party benefit payments was before the court in the class action and was resolved in the order of June 21, 1985.
 
 
 16
 When they filed their first appeal the defendants specified the April 10, 1986, order denying their motion as well as the June 21, 1985, order as the decisions they were appealing. When the defendants abandoned that appeal both orders became final. Under res judicata principles a final judgment by a court of competent jurisdiction "puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment." Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). There is no claim of fraud or "other factors invalidating the judgment" in this case. As the Court went on to say in Sunnen, "[o]nce a party has fought out a matter in litigation with the other party, he cannot later renew that duel." Id. at 598, 68 S.Ct. at 719.
 
 
 17
 The joint stipulations in the present case narrowed the issue presented to the district court on cross-motions for summary judgment. As a result, the court's determinations with respect to the scope of the class action claims and the reach of the 1985 judgment led inevitably to the conclusion that res judicata[1] precluded further consideration of the defendants' claims.
 
 
 18
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 See Rule 34-2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit
 
 
 **
 Honorable Pierce Lively, Senior Circuit Judge of the Sixth Circuit, sitting by designation
 
 
 [1]
 In their briefs the parties discuss collateral estoppel, a form of res judicata. See Montana v. United States, 440 U.S. 147, 153-54, 99 S.Ct. 970, 973-74, 59 L.Ed.2d 210 (1979), and Concordia v. Bendekovic, 693 F.2d 1073, 1075 n. 2 (11th Cir.1982), for discussions of the differences between res judicata and collateral estoppel. Because the defendants sought to relitigate an issue previously settled by a final order in the same action, this is a case for application of res judicata, and we need not consider collateral estoppel