737 So.2d 610 (1999)
Frank HESSER and Metal Foam Industries, Inc., Appellants,
v.
Jerry FLICK Appellee.
No. 99-386.
District Court of Appeal of Florida, Third District.
July 21, 1999.
Rehearing Denied August 18, 1999.
Welbaum, Guernsey, Hingston, Greenleaf & Gregory, LLP and Robert A. Hingston, Coral Gables, for appellants.
Salomon, Kanner, Damian & Rodriguez, P.A. and Vincent E. Damian, Miami, for appellee.
Before SCHWARTZ, C.J., and COPE and GREEN, JJ.
*611 PER CURIAM.
This is an appeal from a final judgment entered after a non-jury trial in a breach of contract action. The appellants, defendants below, assert that the trial court abused its discretion when it refused to allow them to introduce a complaint and a final default judgment from an Alabama court entered in their favor in the breach of contract action brought against the appellee on the same contract for the court's consideration of their res judicata effect on this Florida action. See Albrecht v. State, 444 So.2d 8, 11-12 (Fla.1984) (reasoning that the general principle behind the doctrine of res judicata is that a final judgment, entered by a court of competent jurisdiction, is absolute and puts to rest every justiciable, as well as every actually litigated issue); see also Jenkins v. State, 931 F.2d 1469, 1472 (11th Cir.1991) (concluding that under res judicata principles, in Florida, a final judgment puts an end to the cause of action between the litigants which cannot be relitigated absent fraud or some other factor that nullifies the judgment). The trial court disallowed the Alabama pleadings based upon the appellee's argument that he would be prejudiced because he was never properly served in the Alabama action and never had the opportunity to contest that court's jurisdiction over him. We agree with the appellants that the trial court abused its discretion in refusing to admit evidence of the Alabama proceedings given the record evidence that the appellants plead and attempted to argue the preclusive effect of the Alabama proceedings throughout the course of the proceedings below and the appellee was thus not surprised at the time of trial. Further, contrary to the appellee's argument of prejudice, he would be entitled to litigate the issue of whether the Alabama court properly acquired jurisdiction over him in this action or in a separate action brought to enforce the Alabama final judgment, if he has not already done so in Alabama. See Best Form, Inc. v. Richards Prod., Inc., 631 So.2d 1123, 1124 (Fla. 4th DCA 1994) (the issue of personal jurisdiction in Minnesota can be litigated in Florida action brought to enforce Minnesota judgment where defendants did not appear in Minnesota action); Riskin v. Miklos, 569 So.2d 940, 941 (Fla. 3d DCA 1990) (holding that "where the jurisdictional issue is not fairly litigated in the initial court, the defendants are free to raise the question de novo in the jurisdiction in which enforcement of the judgment is attempted.") (emphasis added in the original); Ratner v. Hensley, 303 So.2d 41, 45 (Fla. 3d DCA 1974) (holding that the validity of process is a matter essential to the jurisdiction over the defendant of the South Carolina court and that it may be raised in this state in an action to enforce the South Carolina judgment).
We, therefore, reverse the final judgment and remand this cause for the court's determination of whether the Alabama final judgment was validly entered under Alabama law, if that issue has not already been determined in the Alabama court and whether this Florida action is thus barred by the doctrine of res judicata.