Michael L. Rosenfield, Pittsburgh, PA, for Plaintiff.

G. Jay Habas, Marshall, Dennehey, Warner, Coleman & Goggin, Erie, PA, for Defendants.

**Johnathon WHIPPLE, through his mother and legal guardian, Christine WHIPPLE, Plaintiff,**

v.

**The WARREN COUNTY SCHOOL DISTRICT; the Warren County School Board; James Scarnati, personally and in his official capacity as Superintendent of the Warren County School District; Darrell Jaskolka, personally and in his official capacity as a Principal of the Warren County School District; and Kenneth Fitzsimmons, personally and in his official capacity as an Assistant Principal of the Warren County School District, Defendants.**

**No. CIV.A. 00–131 ERIE.**

United States District Court, W.D. Pennsylvania.

Dec. 13, 2000.

### MEMORANDUM OPINION

McLAUGHLIN, District Judge.

Currently pending before the Court is the Defendants' Partial Motion to Dismiss pursuant to Rule 12(b)(6).

### I. BACKGROUND

Plaintiff, Johnathon Whipple, (hereinafter "Plaintiff"), filed suit on or about May 8, 2000 against the Warren County School District, (hereinafter "District"), the Warren County School Board, (hereinafter "Board"), James Scarnati, (hereinafter "Scarnati"), the Superintendent of the Warren County School District, Darrell Jaskolka, (hereinafter "Jaskolka"), the Principal in the Warren County School District, and Kenneth Fitzsimmons, (hereinafter "Fitzsimmons"), an Assistant Principal in the Warren County School District, alleging that he was denied due process in violation of the Fourteenth Amendment when he was excluded from public school for more that seventy (70) school days without the benefit of a formal hearing. Plaintiff also alleges that his placement in the District's Alternative Education Program denied him a free, appropriate public education. Plaintiff alleges that the Defendants' actions were in violation of his substantive and procedural due process rights under 42 U.S.C.

§ 1983 (Counts I and II); the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, (Count III); the Rehabilitation Act of 1973, 29 U.S.C. § 794, (Count IV); the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, (Count V); and state education laws, (Count VI).[1] Defendants seek dismissal of the Rehabilitation Act claim in Count IV, and the ADA claim in Count V against the individual Defendants Scarnati, Jaskolka and Fitzsimmons. Defendants also seek dismissal of the pendent state claims in Count VI against all Defendants.

## II. STANDARD OF REVIEW

For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), this Court accepts as true all well-pleaded factual allegations in the complaint, and construes the complaint in a light most favorable to the plaintiff and determines whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Colburn v. Upper Darby Township*, 838 F.2d 663, 665–66 (3rd Cir.1988), *cert. denied*, 489 U.S. 1065, 109 S.Ct. 1338, 103 L.Ed.2d 808 (1989) (citations omitted). The court, however, need not accept as true legal conclusions or unwarranted factual inferences. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The proper inquiry is "whether relief could be granted ... 'under any set of facts that could be proved consistent with the allegations.'" *Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70, 71 (3rd Cir.1994) (quoting *National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994)). If no cause of action can be identified, dismissal is proper.

## III. DISCUSSION

The Plaintiff has no objection to the Court granting the Defendants' request

for dismissal at to individual Defendants Scarnati, Jaskolka and Fitzsimmons under Counts IV and V of the Complaint. (See Plaintiff's Brief in Response to Defendants' Motion to Dismiss, p. 2). Therefore, the Defendants' Motion on this issue shall be granted, and we focus our discussion on Count VI of the Complaint.

Count VI of the Complaint alleges that the Defendants' failed to comply with various state regulations identified in the body of the Complaint. (See Complaint ¶ 144). Specifically, the Plaintiff asserts the following:

> As a direct and proximate result of defendants' failure to comply with the aforestated state laws, Johnathon has suffered and continues to suffer from the effects of severe psychological trauma, depression, loss of self esteem, mental anguish, embarrassment, humiliation and loss of personal reputation.

(See Complaint ¶ 144). The state regulations referred to are 22 Pa.Code §§ 12.6–12.8 and 14.35. (See Complaint ¶¶ 11–15). These regulations relate to a student's rights and responsibilities regarding exclusion from school, disciplinary hearings, and special education services.

The Defendants first argue that none of the cited provisions provide for an independent state law civil cause of action for a violation thereof, and that the remedy for any alleged due process violation is found within the various federal statutes upon which the other Counts of the Complaint are based. As a result, the Plaintiff cannot establish a pendent state law cause of action under Count VI of the Complaint. The Defendants alternatively argue that even if an independent state law claim exists against the individual Defendants, such claims are precluded by the Pennsylvania Governmental Immunity Statute, 42 Pa.C.S.A. §§ 8541 *et seq.* We shall first

---

1. Plaintiff has included an extensive factual recitation in his Complaint; however, such facts are not germane to the arguments advanced by the Defendants in support of dismissal.

address the Defendants' argument that no private cause of action exists premised upon the cited Pennsylvania Code provisions.

We find the Commonwealth Court case of *Lindsay v. Thomas*, 77 Pa.Cmwlth. 171, 465 A.2d 122 (1983) instructive on this issue. In *Lindsay*, the plaintiffs alleged that the minor plaintiff suffered from a specific learning disability, and that during his attendance at a Philadelphia public school, the defendants failed to identify him as a student requiring special education classes and failed to educate him properly. The plaintiffs sought damages alleging that the defendants violated the special education provisions found in the Public School Code, 24 P.S. §§ 13–1371–13–1372.[2] The court recognized that the defendants have a statutory duty to identify exceptional children and a duty to provide them with a proper education. As to a private cause of action for a breach of these duties, the court stated:

> There is, however, no statutory provision whatever for a monetary remedy arising out of a breach of these statutory duties. Of course, the appellants here had other remedies to compel compliance with the statutory duties, and, indeed, did avail themselves successfully of two such remedies. (footnote omitted).

*Lindsay*, 77 Pa.Cmwlth. at 173, 465 A.2d at 123. The court examined the legislative intent of the Education for All Handicapped Children Act of 1975, 20 U.S.C. §§ 1401–1461 for guidance, (now IDEA), and examined a Connecticut district court case which held that there is no implied cause of action for damages arising out of violations of IDEA. The court held:

> [W]e agree with the court in *Loughran*[3] that there was no intention whatsoever to provide a private cause of action for

money damages. Finding no legislative intention to imply a private cause of action, therefore, we will not imply one.... Clearly there are other remedies available to assure compliance with the Public School Code provisions relating to the education of exceptional children, and it is unnecessary to impose money damages as a means of "carrying [the] statute into effect."

*Lindsay*, 77 Pa.Cmwlth. at 175–76, 465 A.2d at 124. (footnote added) (quoting the Statutory Construction Act of 1972, 1 Pa. C.S. § 1504).

In the instant case, the Plaintiff has not cited to a particular provision of the state regulations which would permit a private cause of action, and we find nothing in the cited state regulations which sets forth that an independent cause of action for money damages. We agree with the court in *Lindsay* that there are other remedies available to the Plaintiff to address any alleged breach of these regulations. In *Lindsay*, the plaintiffs previously brought a civil rights action against the defendants, and the federal district court ordered the defendants to identify learning disabled children and provide them with an appropriate education. *Lindsay*, 77 Pa.Cmwlth. at 171 n. 2, 465 A.2d at 123 n. 2. Likewise, in this case the Plaintiff has also alleged a civil rights action; therefore the Plaintiff has a sufficient remedy available to him to address the alleged violations of the state regulations at issue. Additionally, we note that the Plaintiff has not addressed the Defendants' argument on this issue; therefore we surmise that the Plaintiff is unable to direct the Court to any authority which supports a private cause of action under the cited regulations. We shall therefore grant the Defendants' Motion on this issue.[4]

2. Although *Lindsay* examined the issue at it related to provisions of the Public School Code, we find its reasoning equally applicable to the state regulations asserted herein.

3. *Loughran v. Flanders*, 470 F.Supp. 110 (D.Conn.1979).

4. The Defendants alternatively argue that if an independent state law claim exists against the individual Defendants, such claims are precluded by governmental immunity, 42 Pa. C.S.A. §§ 8541 *et seq*. Since we have found that no private cause of action for monetary

## IV. CONCLUSION

We find that the Plaintiff has no objection to the individual Defendants Scarnati, Joskolka and Fitzsimmons being dismissed from Counts IV and V of the Complaint. We further find that no private cause of action for monetary damages exists under the cited Pennsylvania regulations. We shall therefore grant the Defendants' Partial Motion to Dismiss pursuant to Rule 12(b)(6). An appropriate Order follows.

### ORDER

AND NOW, this —— day of December, 2000, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Defendants' Partial Motion to Dismiss pursuant to Rule 12(b)(6) [Doc. No. 4] is GRANTED.

damages exists under the cited statutory regulations, we need not reach this issue.