800 F.2d 749
 34 Ed. Law Rep. 1014
 Terri Ann MIENER, By and Through her next friend, parent,
and guardian, Clyde J. MIENER, Appellant,
v.
STATE OF MISSOURI; Joseph P. Teasdale, Governor;
Department of Elementary and Secondary Education of the
State of Missouri; Arthur L. Mallory, Commissioner of
Education of the Department of Elementary and Secondary
Education of the State of Missouri; Dr. Leonard Hall,
Assistant Commissioner of Education; and the Division of
Special Education of the Department of Elementary and
Secondary Education of the State of Missouri, Appellees.
 No. 85-1788.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 17, 1986.
Decided Sept. 4, 1986.
 
 Steven L. Leonard, Clayton, Mo., for appellant.
 George Von Stamwitz, St. Louis, Mo., for appellees.
 Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 Terri Ann Miener, by and through her guardian, father, and next friend, Clyde J. Miener, brought this action in 1979, charging that several state and local government entities denied educational services due her as a handicapped child. She now appeals from two District Court orders that, taken together, dismiss her complaint for failure to state a claim. In part, she challenges the decision of this Court in an earlier appeal, 673 F.2d 969 (8th Cir.1982), that the compensatory educational services she seeks are "damages," and therefore are not recoverable under the Education of the Handicapped Act (EHA), 84 Stat. 175, as amended, 20 U.S.C. Sec. 1401 et seq.; she argues that our conclusion is inconsistent with the Supreme Court's recent decision in Burlington School Committee v. Department of Education, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). We agree with Miener that relief is available under the EHA, but affirm the dismissal of the remaining claims in her complaint.
 
 I.
 
 2
 Terri Ann Miener suffers serious learning disabilities and behavioral disorders caused by a recurrent brain tumor and attendant surgery. According to her complaint, in September 1976, Terri Ann, who was then 14 years old, was released from the hospital after cranial surgery. Her father, Clyde Miener, took her to the Special School District of St. Louis County, Missouri (SSD) for evaluation, requesting special educational services for his daughter. The SSD's evaluation clinic reported in February 1977 that Terri Ann suffered serious educational, emotional, and behavioral disorders, but no educational services were provided for her. Instead, in June 1977, Terri Ann's father found it necessary, for lack of any other financially viable alternative, to have her admitted as a full-time resident in the Youth Center of the St. Louis State Hospital, a facility operated by the Missouri Department of Mental Health. At Clyde Miener's request, the SSD reevaluated Terri Ann in 1978, but again, the educational services he sought were not provided.
 
 
 3
 The plaintiff filed this action in August 1979, requesting declaratory, injunctive, and monetary relief. She alleged that she had been denied a "free appropriate public education" in violation of the EHA, 20 U.S.C. Secs. 1401(18), 1411, and that she had been denied equal access to educational facilities, in violation of Sec. 504 of the Rehabilitation Act of 1973, Pub.L. 93-112, 87 Stat. 355 (1973), 29 U.S.C. Sec. 794, and the Equal Protection Clause of the Fourteenth Amendment. The complaint also asserted a pendent state tort claim concerning physical assaults made on Terri Ann while a resident of the Youth Center. She further claimed that she was entitled to relief under 42 U.S.C. Sec. 1983 for these violations of the EHA and the Rehabilitation Act.[1] The SSD, its Board, its Directors, and its Superintendent of Schools were named as defendants; also named were a number of "State defendants," including the State of Missouri and the Missouri Departments of Mental Health and of Elementary and Secondary Education.
 
 
 4
 The District Court first directed Miener to pursue administrative remedies under the EHA and Missouri statutes. In January 1980, the District Court dismissed Miener's claims for damages under the EHA and the Rehabilitation Act, holding that these statutes create no private cause of action for damages. 498 F.Supp. 944 (E.D.Mo.1980). The District Court also dismissed her Sec. 1983 claim, holding that no relief was available under Sec. 1983 for statutory, as opposed to constitutional, violations. Id. Then, while administrative remedies were being pursued, the parties settled Miener's declaratory-and injunctive-relief claims for future enforcement of the EHA and the Rehabilitation Act; under the settlement, approved by the District Court in April 1980, Terri Ann was taken out of the Youth Center and placed in the Crittenton Center and the Hickman-Mills School District in Kansas City, Missouri. This left unresolved only the plaintiff's request for an injunction directing the defendants to provide compensatory educational services as a remedy for their denial of special educational services during her three-year tenure at the Youth Center, and her pendent state tort claim. The District Court disposed of these two claims in September 1980, granting the defendants' motion to dismiss the compensatory-education claim on the ground that such relief would violate the Eleventh Amendment, and, with no federal claim left in the suit, dismissing her tort claim without prejudice. 498 F.Supp. 949 (E.D.Mo.1980).
 
 
 5
 On appeal, this Court affirmed the dismissal of Miener's EHA claim, holding that Congress did not create a private cause of action under the EHA for the damage relief requested, including compensatory educational services. We reversed the dismissal of the Rehabilitation Act damage claims, concluding that a damage remedy is available for violations of Sec. 504 of the Act. We remanded the question whether Miener had stated a cause of action under Sec. 1983 to the District Court for reconsideration in light of the Supreme Court's decision in Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), and related cases. Finally, we affirmed dismissal of the claim for compensatory education and all other damage claims against the State defendants on Eleventh Amendment grounds, but held that the SSD, its Board, its Directors, and its Superintendent were local governmental entities not entitled to invoke the State's Eleventh Amendment immunity.
 
 
 6
 On remand, once again, the District Court concluded that Sec. 1983 was not available for violations of the EHA or the Rehabilitation Act, concluding that each statute establishes exclusive remedies for violations of its provisions. 580 F.Supp. 562 (E.D.Mo.1984). Subsequently, the Supreme Court issued an opinion that supported the District Court's conclusion as to Sec. 1983 relief for EHA violations; in Smith v. Robinson, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 748 (1984), the Court held that "where the EHA is available to a handicapped child asserting a right to a free appropriate public education, ... the EHA is the exclusive avenue through which the child and his parents or guardian can pursue their claim." Id. at 1013, 104 S.Ct. at 3470. Moreover, the Supreme Court not only foreclosed Sec. 1983 claims for violations of the EHA, but also precluded claims under Sec. 504 of the Rehabilitation Act that are in substance claims for the free appropriate education guaranteed by the EHA. Id. at 1012-1013, 1016-1021, 104 S.Ct. at 3469-3470, 3471-3474. After Smith was issued, the SSD defendants moved for, and the District Court granted, dismissal of Miener's sole remaining claim, her Rehabilitation Act claim, on the ground that it was foreclosed by the EHA. 607 F.Supp. 1425 (E.D.Mo.1985).
 
 
 7
 On this appeal, Miener contends first, as noted above, that the Supreme Court's decision in Burlington, supra, establishes the availability of compensatory educational services under the EHA; second, that her Rehabilitation Act claim falls under an exception to Smith; and third, that she has pleaded a claim under Sec. 1983 for violations of the Due Process Clause that also remains viable after Smith.
 
 II.
 
 8
 Section 615(e)(2) of the EHA, 20 U.S.C. Sec. 1415(e)(2), confers upon courts reviewing EHA claims the authority to "grant such relief as the court determines is appropriate." On the first appeal in this case, we noted that Section 615 of the EHA is entitled "Procedural Safeguards," and that the provision for judicial review "caps an entire sequence of procedures aimed at ensuring proper placements," 673 F.2d at 979, citing Anderson v. Thompson, 658 F.2d 1205, 1210-11 (7th Cir.1981). We concluded from an examination of the statute's language and its legislative history that damages were not within the relief foreseen by Congress, and that appropriate relief was restricted to injunctive relief, 673 F.2d at 979-980. This view was shared by other circuit courts that had considered the question. See, e.g., Anderson, 658 F.2d 1205 (7th Cir.); Powell v. Defore, 699 F.2d 1078 (11th Cir.1983). See also Smith, 468 U.S. at 1020 n. 24, 104 S.Ct. at 3473-74 n. 24.
 
 
 9
 However, the Supreme Court's decision in Burlington, supra, a unanimous opinion by Mr. Justice Rehnquist, has altered our understanding of what "damages" includes in the context of the EHA. See Manecke v. School Board of Pinellas County, 762 F.2d 912, 915-16 n. 2 (11th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 809, 88 L.Ed.2d 784 (1986). In Burlington, the parents of a handicapped child had contested the "individualized educational program" (IEP) developed for the child by the public school system of the Town of Burlington, Massachusetts. While their challenge was ultimately successful, administrative and judicial review of the question took two years, during which the parents put their child in a proper placement at their own expense. The Supreme Court held that the parents were entitled to reimbursement for these expenditures; such reimbursement, the Court made clear, is not "damages," because it "merely requires the Town to belatedly pay expenses that it should have paid all along and would have borne in the first instance had it developed a proper IEP." 105 S.Ct. at 2003. The Court concluded that if this relief were unavailable, "the child's right to a free appropriate public education, the parents' right to participate fully in developing a proper IEP, and all of the procedural safeguards would be less than complete," and that Congress did not intend such a result when it empowered courts to grant "appropriate" relief. Id. (emphasis in original).
 
 
 10
 The defendants maintain that the compensatory educational services the plaintiff seeks to recover do not fit within the purview of Burlington because they do not constitute "retroactive reimbursement" for expenditures made on Terri Ann's education during the contested period, the period of her Youth Center placement. Unlike Burlington, the remedy sought here is not, for the most part, reimbursement for the expenses Terri Ann's father bore in order to provide his daughter a proper placement during the contested period.[2] Instead, Clyde Miener contends that he did not have the money to pay these expenses himself, and, receiving no support from the defendants, had to place his daughter in the Youth Center rather than in what he considered a proper placement; the plaintiff seeks to recover the educational services she claims she should have received during this three-year period, services that her father could not provide, and that the defendants were unwilling to provide.
 
 
 11
 We cannot agree with the defendants that they should escape liability for these services simply because Clyde Miener was unable to provide them in the first instance; we believe that such a result would be consistent neither with Burlington nor with congressional intent. Like the retroactive reimbursement in Burlington, imposing liability for compensatory educational services on the defendants "merely requires [them] to belatedly pay expenses that [they] should have paid all along," 105 S.Ct. at 2003. Here, as in Burlington, recovery is necessary to secure the child's right to a free appropriate public education. Id. We are confident that Congress did not intend the child's entitlement to a free education to turn upon her parent's ability to "front" its costs.
 
 
 12
 We find further support for this view in the Supreme Court's discussion in Smith of the reasons for Congress's decision not to establish a general damages remedy in the EHA. 468 U.S. at 1020-21, 104 S.Ct. at 3473-74. Congress's apparent goal, Smith explains, was to relieve the providers of education for handicapped children of such burdens in order to " 'make every resource, or as much as possible, available to the direct activities and the direct programs that are going to benefit the handicapped.' " 468 U.S. at 1020, 104 S.Ct. at 3474, quoting 121 Cong.Rec. 19501 (1975) (remarks of Sen. Dole). The relief Miener requests is entirely consistent with this goal, since she wishes to recover compensatory educational services to remedy denial of the benefits Congress sought to protect through denying a damages remedy, a free appropriate education. She does not request educational services as compensation for, e.g., the physical injuries she suffered while at the Youth Center. Indeed, this case may present an even more compelling claim for relief than did Burlington, since in Burlington the child had already received educational services without resort to the governmental resources devoted to that purpose, resources whose effectiveness Congress desired to promote through safeguarding them against damage claims.[3]
 
 
 13
 Accordingly, we hold that the plaintiff is entitled to recover compensatory educational services if she prevails on her claim that the defendants denied her a free appropriate education in violation of the EHA.
 
 II.
 
 14
 Our conclusion that Miener may recover compensatory educational services under the EHA does not obviate the necessity of determining whether she has also stated a claim for violations of the Rehabilitation Act that survives Smith, or a claim under Sec. 1983 for violations of the Due Process Clause; if Miener succeeds on either of these claims she might obtain relief, such as general damages or attorney's fees, not available under the EHA. However, we conclude that the plaintiff has not succeeded on either point.
 
 A.
 
 15
 Miener observes that the Supreme Court stated explicitly in Smith that it was not holding that the EHA precluded claims under Sec. 504 of the Rehabilitation Act "where the EHA is not available or where Sec. 504 guarantees substantive rights greater than those available under the EHA." 468 U.S. at 1021, 104 S.Ct. at 3474. The question, then, is whether the plaintiff has presented such a claim.
 
 
 16
 The plaintiff first argues that the provisions and benefits of the EHA are not available for the portion of her claim covering the period from February 4, 1977, when Clyde Miener first sought services from the defendants, through October 1, 1977. The latter date, Miener contends, was the first on which EHA remedies were available to her because the full remedial scheme that Smith held to preempt other remedies was not in place until the 1975 amendments to the EHA became effective on October 1, 1977, Pub.L. 94-142, 89 Stat. 773 (1975). However, as the defendants point out, in Smith itself the plaintiffs filed suit in November 1976, 468 U.S. at 995, 104 S.Ct. at 3461, and the Supreme Court expressly noted that the 1975 amendments were not in effect until months after the case began. Id. at 997 n. 4, 104 S.Ct. at 3462 n. 4. Yet, the Court concluded without any difficulty on this point that relief under the Rehabilitation Act Sec. 504 claim was precluded by the availability of EHA remedies for the plaintiff's claims, id. at 1017, 104 S.Ct. at 3472, implicitly holding EHA remedies available retroactively. See also Frankel v. Commissioner of Education, 480 F.Supp. 1156, 1158-60 (S.D.N.Y.1979) (holding that under the standards of Bradley v. Richmond School Board, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), the 1975 EHA amendments apply retroactively to claims accruing before October 1, 1977 but awaiting final agency action). We conclude that the EHA remedies are available for the period in question, and that Rehabilitation Act Sec. 504 is therefore unavailable.
 
 
 17
 The plaintiff also contends that her Rehabilitation Act Sec. 504 claim secures a substantive right not guaranteed by the EHA. She maintains that while the EHA provides and protects a procedural mechanism for the development of a proper IEP for a handicapped child, her claim under Sec. 504 is not about the content of an IEP or the procedures followed in developing it, but about having been discriminatorily denied entry into the EHA system. We see little substance in this argument that access to the EHA apparatus is somehow distinct from the protections of the EHA; rather, the EHA not only establishes procedures but also guarantees access to them.
 
 
 18
 We conclude that Miener has no viable claim under the Rehabilitation Act.
 
 B.
 
 19
 While the Supreme Court held in Smith that it was impermissible to bring a Sec. 1983 claim for violations of the EHA, it expressly did not resolve the question whether the EHA precludes a due-process challenge under Sec. 1983 to the procedures local and state agencies employ in the EHA context. 468 U.S. at 1013-14, 104 S.Ct. at 3469-70.[4] This Court has since held that such claims may be maintained. Rose v. Nebraska, 748 F.2d 1258, 1263-64 (8th Cir.1984), cert. denied, --- U.S. ----, 106 S.Ct. 61, 88 L.Ed.2d 50 (1985); see also Robert M. v. Benton, 622 F.2d 370 (8th Cir.1980); Monahan v. Nebraska, 645 F.2d 592 (8th Cir.1981).
 
 
 20
 We agree with Miener that she did attempt to plead violations of the Due Process Clause in her complaint. Paragraph 36 of her complaint alleges that Missouri administrative procedures violate both federal regulations under the EHA and her due-process rights because: (1) they permit hearings to be conducted by an employee of the public agency involved in the child's education, the chief administrative officer of the responsible school district; (2) the total administrative process, including administrative appeals, may take over 100 days to complete; and (3) there is no provision for appeal to the State Board of Education.
 
 
 21
 However, that Miener has pleaded supposed due-process violations does not mean that she has a right to recover. Here, even if we assume that the procedural shortcomings Miener alleges rise to the level of a deprivation of due process, and that Miener has not waived this claim by failure to raise it at any point since filing her complaint, questions as to which we have serious reservations, we cannot see that they have caused Miener any injury. Miener concedes that she did not invoke these procedures, but instead proceeded directly to District Court, pleading the deficiency of the procedures as grounds for failure to exhaust them. Further, there is no indication that the deficiencies alleged somehow delayed Miener's resort to the District Court or her ultimate success in obtaining some relief. Finally, when Miener did pursue administrative remedies at the District Court's direction, she obtained a settlement under which she was placed in a facility providing special educational services. We simply see no way in which the inadequacies she alleges can have actually harmed her, and therefore conclude that she has not stated a due-process claim on which any relief may be granted.
 
 III.
 
 22
 We hold that Miener has not stated viable claims under the Rehabilitation Act or under Sec. 1983, but that she may, if successful on her claim that the defendants denied her a free appropriate public education in violation of the EHA, recover compensatory educational services to replace the services the defendants were obligated to provide. The decision of the District Court is affirmed in part and reversed in part, and remanded for further proceedings consistent with this opinion.
 
 
 23
 It is so ordered.
 
 
 
 [1]
 The plaintiff contends that she also pleaded a cause of action under Sec. 1983 for violations of the Due Process Clause; this issue is examined infra, p. 755
 
 
 [2]
 It appears that a small portion of the recovery the plaintiff requests is for expenses paid by her father in connection with her Youth Center placement; such expenses would be recoverable even under the defendants' view of Burlington
 
 
 [3]
 We also reject the defendants' suggestion that the differences between the procedural posture of the present case and that in Burlington, where the period for which reimbursement was requested was the period of administrative and judicial review, in some way negates the plaintiff's ability to recover. We believe that Burlington and Smith make clear that the key consideration is not the procedural context of the case, but Congress's goal of providing handicapped children a free appropriate public education; we deem it sufficient that the defendants were requested to provide Terri Ann a free appropriate public education and, assuming the plaintiffs prove their case, did not do so
 
 
 [4]
 The Court did observe in a footnote that "maintenance of an independent due process challenge to state procedures would not be inconsistent with the EHA's comprehensive scheme," 468 U.S. at 1014 n. 17, 104 S.Ct. at 3470-71 n. 17, citing Monahan v. Nebraska, 645 F.2d 592, 598-99 (8th Cir.1981). The Court further noted that although Congress had determined not to allow attorney fee awards to those who successfully invoke EHA procedures to require agencies to provide free appropriate schooling, "there is no indication that agencies should be exempt from a fee award where plaintiffs have had to resort to judicial relief to provide them the process they were constitutionally due." 468 U.S. at 1014 n. 17, 104 S.Ct. at 3470-71 n. 17