**JEFFERSON COUNTY BOARD OF EDUCATION, Plaintiff,**

v.

**Anne BREEN, an individual; Anne Breen as next friend of Alice Breen; Alice Breen, an individual, Defendants.**

**Alice BREEN, Counterclaim Plaintiff,**

v.

**JEFFERSON COUNTY BOARD OF EDUCATION, Counterclaim Defendant.**

**Anne BREEN, Counterclaim Plaintiff,**

v.

**JEFFERSON COUNTY BOARD OF EDUCATION, Counterclaim Defendant.**

**Civ. A. No. 86–G–1662–S.**

United States District Court, N.D. Alabama, S.D.

Sept. 4, 1987.

Carl E. Johnson, Bishop, Colvin & Johnson, Birmingham, Ala., Garth A. Corbett, Alabama Developmental Disabilities Advocacy Program, The University of Alabama, Tuscaloosa, Ala., James W. Porter II, Birmingham, Ala., for plaintiff.

Edward H. Stevens, George W. Harris, Tuscaloosa, Ala., for defendants.

## MEMORANDUM OPINION

GUIN, District Judge.

This cause came before the court for trial on the merits and requires the court to determine whether the Jefferson County Board of Education has provided Alice Breen with a "free appropriate public education" as required by the Education for

All Handicapped Children Act of 1975. 20 U.S.C. § 1400, *et seq.*, (hereinafter the "Act"). Having carefully reviewed the administrative record and decisions, the affidavits, depositions and testimony adduced at trial, and the supplemental materials submitted by the Jefferson County Board of Education, the court is of the opinion that Alice Breen has not been provided with a "free appropriate education" as required by the Act. The court is of the further opinion that the proposed individual educational placement (hereinafter "IEP") of Alice at Bryce Hospital would not provide Alice with an appropriate education.

*Findings of Fact:*

■ The court has reviewed both administrative decisions below and adopts the findings of fact and conclusions contained therein. The court specifically and independently finds as fact the conclusion of hearing officer John McClusky that the proposed placement then in question "could [not] realistically [have been] expected to afford Alice a meaningful opportunity to reach a stage in her behavioral development stable enough to [allow her] to benefit educationally thereby." The court also adopts specifically the additional findings of the administrative review officer, Thomas Leonard, that "[r]espondent has never offered to provide a residential educational program for Alice B." and that "Alice's educational needs require placement in a residential setting that integrates educational services with other supporting services that make Alice's education possible." The court further finds, based on the additional evidence introduced in this action, that Alice would not benefit educationally from the IEP at Bryce Hospital currently proposed by the Jefferson County Board of Education. Indeed, it is doubtful whether the program outlined by the Board of Education can in fact be implemented. Dr. Goff, the Director for Neuropsychology at Bryce Hospital, was of the opinion that Bryce was not properly equipped to address Alice's needs. Having considered Alice's specific needs, Dr. Goff stated categorically: "That sort of coverage for patients is not available at our facility, and is not going to occur." (Deposition of Dr. Goff at p. 16.) The court credits Dr. Goff's testimony, and affords it greater weight than that of the witnesses who asserted that Alice's needs could adequately be served at Bryce. Dr. Goff, as Director of Neuropsychology at Bryce, was in the best position to assess the services that would be available to Alice at Bryce.

The medical reports of Alice's extended stay at Brookwood Hospital during 1986 strongly suggest that Alice would be unlikely to benefit educationally in an institutional setting such as Bryce. Also, the testimony of Dr. Boll, which the court credits, indicates that Bryce would not be an appropriate educational placement for Alice.

The court places less weight on the opinions of the witnesses presented by the Board of Education because of their lack of familiarity with the present services available at Bryce for Alice. Their testimony concerning the availability of adequate services for Alice at Bryce is simply outweighed by the testimony of Dr. Goff. In assessing the suitability of Bryce as an appropriate educational placement for Alice, the court cannot ignore the effect on Alice of being placed in such an environment (a state mental hospital).

In short, the court finds, by a preponderance of the evidence, that the Jefferson County Board of Education has not provided Alice with proposed educational placement from which she would benefit educationally from the time she was unilaterally placed in the Ranch Treatment Center of the Brown Schools in September 1984 up to and including the latest proposed placement at Bryce Hospital. The court also finds, and it has not been seriously disputed by the parties, that the Ranch Treatment Center is capable of affording Alice an environment in which she would be likely to benefit educationally.

*Discussion:*

In determining whether the Jefferson County Board of Education has fulfilled its obligation under the Act to provide Alice with a free appropriate public education, the court must decide whether the Board has provided "personalized instruction ... with sufficient supportive services to permit [Alice] to benefit from the instruction."

*Hendrick Hudson District Board of Education v. Rowley,* 458 U.S. 176, 189, 102 S.Ct. 3034, 3042, 73 L.Ed.2d 690, 701 (1982). In this case it is clear that such an education has not been provided; nor would any of the proposed IEPs satisfy this standard. It is also clear that the Ranch would constitute an appropriate placement for Alice.

■ Concerning whether the plaintiffs are entitled to reimbursement for expenditures incurred by the unilateral placement of Alice at the Ranch, the Supreme Court decision in *Burlington School Comm. v. Massachusetts Department of Education,* 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985), makes it clear that such reimbursement is appropriate. The determination of whether reimbursement is appropriate, and in what amount, "should be determined by balancing the equities of the particular case." *Jenkins By and Through Jenkins v. State of Florida,* 815 F.2d 629 (11th Cir.1987). In this case the equities weigh heavily in favor of awarding reimbursement in the full amount requested, $9,715.26.

The court is also of the opinion that, based upon the reasoning found in *Miener By and Through Miener v. State of Missouri,* 800 F.2d 749 (8th Cir.1986), the plaintiffs are entitled to receive two years compensatory educational services at the Ranch. To require the Board of Education to provide these two additional years of educational services " 'merely requires [them] to belatedly pay expenses that [they] should have paid all along.' " *Id.* at 753 (quoting *Burlington,* 105 S.Ct. at 2003). The Board's failure to provide Alice with a free appropriate education from September 1984 to the present more than justifies such an award.

An appropriate order will be entered contemporaneously herewith.

### FINAL JUDGMENT ORDER

This cause came before the court for trial on the merits. In conformity with the memorandum opinion entered contemporaneously herewith, it is hereby

ORDERED, ADJUDGED, DECREED and DECLARED that Alice Breen has not been furnished with a free appropriate education by the Jefferson County Board of Education; that the proposed placement at Bryce Hospital would not provide Alice Breen with an appropriate free public education; and that such an education would be afforded by a placement at The Ranch Treatment Center. It is

FURTHER ORDERED, ADJUDGED and DECREED that the Jefferson County Board of Education shall immediately provide Alice Breen with an Individualized Educational Placement at The Ranch Treatment Center, and shall provide Alice with two years of compensatory educational services beyond the age of 21 at that facility. It is

FURTHER ORDERED, ADJUDGED and DECREED that the Jefferson County Board of Education shall pay to the plaintiffs $9,715.26 as reimbursement for their expenses incurred because of the Board's failure to provide Alice with an appropriate free public education. It is

FURTHER ORDERED, ADJUDGED and DECREED that the Alabama Department of Education and Wayne Teague, in his official capacity as the Superintendent of the Alabama Department of Education, shall ensure that the provisions of this decision are carried out.