865 F.Supp. 604 (1994)
FT. ZUMWALT SCHOOL DISTRICT, Plaintiff,
v.
MISSOURI STATE BOARD OF EDUCATION, and Robert and Ann Clynes, as Parents and Next Friends of Nicholas Clynes, Defendants.
No. 4:93CV01710 GFG.
United States District Court, E.D. Missouri, Eastern Division.
October 11, 1994.
*605 James G. Thomeczek, Peper and Martin, St. Louis, MO, for Ft. Zumwalt School Dist.
Edwin H. Steinmann, Jr., Asst. Atty. Gen. of Missouri, Jefferson City, MO, for Board of Educ., Missouri State.
Michael H. Finkelstein, Missouri Protection & Advocacy Services, Jefferson City, MO, for Robert C. and Ann C., as Parents and Next Friends of Nicholas C.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on plaintiff's motion to dismiss defendants' counterclaim. The Fort Zumwalt, Missouri, School District filed this action under the Individuals with Disabilities Education Act (IDEA),[1] 20 U.S.C. § 1415(e)(2), for review of a decision by a State Level Review Officer appointed by the Missouri State Board of Education. The Review Officer ruled that the parents of a handicapped student residing in the Fort Zumwalt School District were entitled to reimbursement of expenses associated with placing their child in a private school for the summer of 1991 and the 1991-92 school year, because during that time the District did not offer him an appropriate education. The defendants in the action are the Missouri State Board of Education and the parents.
In their amended counterclaim against the School District, the parents allege that the School District was incompetent and unprofessional in failing to provide their son with an appropriate education and that as a result their son suffered physical illness and emotional distress. They seek $250,000 in damages under IDEA (Count I); the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 (Count II); 42 U.S.C. § 1983 (Count III); and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Count IV). The parents have also filed a motion to add as additional counterclaim defendants for Count III of the counterclaim six individual employees of the School District.
For dismissal of Count I of the counterclaim, the School District argues that damages for pain and suffering resulting from education malpractice are not available under IDEA. This Court agrees. IDEA, 20 U.S.C. §§ 1401-85, provides federal money to state and local education agencies that implement the substantive and procedural requirements of the Act. The principal purpose of the Act is "to assure that all children with disabilities have available to them ... a free appropriate public education which emphasizes special education and related services designed to meet [the handicapped child's] unique needs." Id. § 1400(c). If this is not possible in a regular public school, the Act provides for placement in a private school at public expense. Id. § 1412(5).
The Act's procedural framework offers the parents an opportunity to contest decisions made by the state regarding the child's identification, evaluation or educational placement, through an administrative "due process hearing." The Act also provides for judicial review in state or federal court to "[a]ny party aggrieved by the findings and decision" made after the due process hearing. The reviewing court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." § 1415(e)(2).
*606 In Burlington School Committee v. Massachusetts Department of Education, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985), the Supreme Court explained that the reviewing court had broad discretion to order relief which was "`appropriate' in light of the purpose of the Act." Id. at 369, 105 S.Ct. at 2002. The Court noted that "[i]f the administrative and judicial review under the Act could be completed in a matter of weeks, rather than years, it would be difficult to imagine a case in which ... prospective injunctive relief [directing school officials to place the child in a private school if necessary] would not be sufficient." Id. at 370, 105 S.Ct. at 2003. Because, however, the review process is ponderous, the Court held that "appropriate" relief included ordering school authorities to reimburse parents for their expenses of private special education for their child if the court ultimately determines that such placement was proper. The Court clarified that such reimbursement did not constitute "damages," but merely required the educational agency to belatedly pay expenses that it should have paid all along. Id. at 370-71, 105 S.Ct. at 2003.
In Miener v. State of Missouri, 800 F.2d 749 (8th Cir.1986), the Eighth Circuit held that compensatory educational services was also an available remedy under the IDEA, but reaffirmed its earlier decision, 673 F.2d 969 (1982), that monetary damages for personal injuries was not. Id. at 753-55. See also Hall v. Knott County Bd. of Educ., 941 F.2d 402, 406-07 (6th Cir.1991) (IDEA creates no right to recover damages for loss of earning power attributable to school's failure to provide appropriate education, because such relief is not appropriate in light of Act's purpose), cert. denied, ___ U.S. ___, 112 S.Ct. 982, 117 L.Ed.2d 144 (1992).
The parents in the present case argue that Miener and other pre-1992 cases holding that monetary damages for pain and suffering are not available under IDEA are no longer valid in light of the Supreme Court's decision in Franklin v. Gwinnett County Public Schools, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992).
Franklin was a suit under the anti-discrimination provision of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, providing that no person shall on the basis of sex be subject to discrimination under any educational program receiving federal financial assistance. The Supreme Court had previously held that Title IX was enforceable through an implied right of action; the question now presented was what remedies were available in such a suit. The Court held that monetary damages were available, in light of the general rule that "absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute." Id. at ___, 112 S.Ct. at 1035.
IDEA expressly provides for a cause of action to enforce its provisions and expressly provides that the court may award "appropriate" relief. This Court does not believe that Franklin undercuts the holding in Miener that money damages for pain and suffering is not appropriate relief in light of the purpose of the IDEA. Accordingly, Count I of the counterclaim is dismissed.
The parents' reliance on Boxall v. Sequoia Union High School, 464 F.Supp. 1104, 1107 (N.D.Cal.1979), is misplaced. The damages allowed in that IDEA case were the costs of hiring a full-time tutor for a handicapped child for the period during which the education agency failed to provide an appropriate education. Such damages are reimbursement-type damages recognized in Burlington, 471 U.S. at 369, 105 S.Ct. at 2002, and not the kind of damages sought here.
The counterclaim under 42 U.S.C. § 1983 that the child was discriminated against on the basis of his handicap in violation of the Equal Protection Clause of the Fourteenth Amendment is not cognizable; Congress intended IDEA to be the exclusive avenue through which such a claim can be pursued. Smith v. Robinson, 468 U.S. 992, 1009-13, 104 S.Ct. 3457, 3467, 82 L.Ed.2d 746 (1984).[2] Similarly, the parents cannot rely on § 504 of the Rehabilitation Act for damages *607 unavailable under IDEA. Id. at 1016-21, 104 S.Ct. at 3470-73; Miener, 800 F.2d at 754-55.[3] The Court concludes that the same analysis applies to the counterclaim under ADA.
Accordingly,
IT IS HEREBY ORDERED that plaintiff/counterclaim defendant's motion to dismiss the counterclaim is granted.
IT IS FURTHER ORDERED that defendants/counterclaim plaintiffs' motion to join additional counterclaim defendants is denied as moot.
IT IS FURTHER ORDERED that plaintiff's motion to withdraw its motion to file under seal is granted.
NOTES
[1] Formerly, the Education of the Handicapped Act.
[2] The § 1983 claim is subject to dismissal for the additional reason that only negligence is alleged.
[3] Furthermore, the parents have failed to allege "bad faith or gross negligence," which is required to substantiate a § 504 claim in the context of education. Monahan v. State of Neb., 687 F.2d 1164, 1170-71 (8th Cir.1981).