**Jane DOE, Individually and on Behalf of Her Minor Son, John Doe**

v.

**VERNON PARISH SCHOOL BOARD.**

**Civil Action No. 96–0292.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

June 4, 1996.

Lee Ann Barker, Lafayette, LA, for plaintiff.

Robert L. Hammonds, Baton Rouge, LA, for defendant.

*MEMORANDUM RULING*

EDWIN F. HUNTER, Jr., Senior District Judge.

Before the court is defendant, Vernon Parish School Board's ("the School Board") motion to dismiss for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

This is an action commenced pursuant to the Individuals with Disabilities Education Act ("IDEA"), as amended, 20 U.S.C. § 1400 *et seq.* The IDEA creates a comprehensive scheme for assuring that handicapped children receive a "free appropriate public education." 20 U.S.C. § 1401(a)(18). The statute requires states to set up due process procedures to ensure that children with dis-

abilities obtain the education to which they are entitled.

In its motion, the School Board alleges that plaintiff has not exhausted applicable administrative remedies, and that we correspondingly lack jurisdiction to decide the case. In her opposition brief, plaintiff readily admits that all of her requests regarding her child's disability needs have been met by the School Board. Despite having initially contacted the relevant administrative agency, plaintiff abandoned the administrative process once her demands for her son's educational needs had been satisfied.

Some time after plaintiff had secured the desired equitable relief, she discovered that her son's educational level had decreased, and she had suffered a nervous breakdown and loss of earning capacity. She attributed these injuries to the School Board's original mishandling of her child's educational environment. Approximately eleven months after the School Board had acquiesced to plaintiff's initial demands, she filed the instant suit for monetary relief.

 Under the IDEA, judicial review is not available until all administrative remedies have been exhausted. 20 U.S.C. § 1415(f). However, the courts have recognized an exception to the rule when exhaustion would be futile. *Honig v. Doe*, 484 U.S. 305, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). Plaintiff argues that resort to the administrative process would prove futile, since "her demands have already been met." Plaintiff's Opposition Memorandum, pg. 7. Obviously, if all of plaintiff's demands have been met, (including reparations) then this suit is moot. Instead, plaintiff impliedly argues that the administrative agency was incapable of awarding money damages, and consequently, administrative review is futile.

The courts have allowed recovery for monetary damages under the IDEA. However, monetary damages are limited to situations where parents have had to bear the financial burden of providing for alternative education while the dispute is resolved with the school board. *Norris by Norris v. Board of Education of Greenwood Community School Corporation*, 797 F.Supp. 1452, 1469 (S.D.Ind.1992) (*citing, Anderson v. Thompson*, 658 F.2d 1205, 1213 (7th Cir.1981)); *Stellato, on Behalf of Rebecca v. Board of Education of the Ellenville Central School District*, 842 F.Supp. 1512, 1516 (N.D.N.Y. 1994); and *Ft. Zumwalt School District v. Missouri Board of Education*, 865 F.Supp. 604, 606 (E.D.Mo.1994).

At least one court has held that prior to seeking monetary damages in federal district court, the issue must first be presented to the appropriate administrative agency. *Norris*, 797 F.Supp. at 1469 ("Plainly, a plaintiff cannot avoid the jurisdictional requirements merely by requesting a form of relief available from the district court only").[1] Even if the IDEA permits recovery for pain and suffering and similar pecuniary damages, administrative exhaustion is a jurisdictional prerequisite.[2] Administrative review in this instance could obviate the need for court intervention, or streamline the facts and issues if appeal is required. In short, plaintiff's failure to seek administrative review of her damages claim, precludes federal court jurisdiction under the IDEA.

Accordingly, Vernon Parish School Board's motion to dismiss for lack of subject matter jurisdiction is GRANTED.[3]

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 4th day of June, 1996.

---

**1.** The administrative process is capable of making financial determinations. *See, Burlington School Committee v. Department of Education of Massachusetts*, 471 U.S. 359, 370–72, 105 S.Ct. 1996, 2003, 85 L.Ed.2d 385 (1985).

**2.** It is highly questionable that monetary damages for personal injuries are recoverable under the IDEA. See, *Ft. Zumwalt, supra.*

**3.** 42 U.S.C. § 1983 does not provide an independent jurisdictional basis for this suit. Plaintiff's present inability to institute suit under the IDEA, precludes a claim for damages under § 1983. We decline to exercise supplemental jurisdiction over plaintiff's state law claims, if any. 28 U.S.C. § 1367(c).