936 F.Supp. 644 (1996)
Leroy THOMPSON, a minor, By and Through his parent and legal guardian, Synarvia Jene BUCHANON, Plaintiff,
v.
BOARD OF the SPECIAL SCHOOL DISTRICT NO. 1, (Minneapolis), Peter Hutchinson, in his official capacity as Superintendent, Bruce Johnson, in his official capacity only as Commissioner of the Minnesota Department of Children, Families and Learning (MDCFL), MDCFL, and Board of Education, sued as Minnesota State Board of Education, Defendants.
Civil 3-95-1083.
United States District Court, D. Minnesota, Third Division.
July 31, 1996.
*645 Kerr Law Office by Sonja D. Kerr, Inver Grove Heights, MN, for Plaintiff.
Ratwik, Roszak, Bergstrom & Maloney by Stephen Anderson, Nancy E. Blumstein, and Paul Ratwick, Minneapolis, MN, for Defendants Peter Hutchinson and Special School District No. 1.
Rachel Kaplan, Assistant Minnesota Attorney General, St. Paul, MN, for Defendants Bruce Johnson, MDCFL, and the Board of Education.

ORDER
ALSOP, Senior District Judge.
The above-entitled matter came before the Court for hearing on June 6, 1996 upon the motion of Defendants Peter Hutchinson and Special School District No. 1 ("SSD1") to dismiss all of Plaintiff Thompson's ("Thompson") claims (docket no. 24) and the motion of Defendants Bruce Johnson, the Minnesota Department of Children, Families, and Learning ("MDCFL"), and the Minnesota State Board of Education ("SBE") to dismiss *646 all of Thompson's claims (docket nos. 9 and 29).
Thompson asserts three claims against SSD1. First, he claims SSD1 violated his right to due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, Article XIII, Section 1 and the equal protection clause of the Minnesota Constitution, the Individuals with Disabilities Education Act ("IDEA"), and M.S.A. §§ 120.0111 and 120.17 by denying him a hearing to challenge the individualized education program ("IEP") and education SSD1 provided him while he was enrolled in the district. Second, he claims that SSD1 illegally discriminated against him because of his race in violation of federal and state law by improperly disciplining him and denying him educational services. Third, he claims that SSD1 illegally discriminated against him because of his disability in violation of the Americans with Disability Act ("ADA"), the Rehabilitation Act, 29 U.S.C. § 794(a) and state law by failing to modify discipline policies to accommodate his disability. Thompson's prayer for relief asks the Court to order monetary damages and compensatory education.
With respect to Defendants Johnson, MDCFL, and the SBE, Thompson alleges that he was denied a due process hearing in violation of the U.S. Constitution, and federal and state law, and he asks the Court to order administrative and legal measures to ensure that the state properly administers and enforces the educational scheme created by the IDEA.
The essential facts are not in dispute. Thompson is a 12 year-old African American who was enrolled in SSD1 schools from Kindergarten through approximately the first three months of fifth grade. Thompson left the school district when his mother, Synarvia Jene Buchanon ("Buchanon"), enrolled him in the Minneapolis Community Learning Center (MCLC), a charter school. He began at MCLC December 13, 1994 and completed the fifth grade there. In June 1995 Buchanon requested a due process hearing to challenge SSD1's assessment of Thompson's disability and the educational program it provided him during the time he was a student in the district. Thompson was not enrolled in a SSD1 school at the time. The matter was assigned to an independent Hearing Officer ("HO"). SSD1 moved for dismissal, arguing that because Thompson was not enrolled in a school within SSD1, it had no obligation to provide a hearing. On August 16, 1995 the hearing officer issued an order and memorandum adopting SSD1's position and dismissing the hearing for lack of jurisdiction. Thompson appealed the decision to a Hearing Review Officer ("HRO").
While awaiting a decision of the HRO, Buchanon enrolled Thompson in New Visions school, a charter school. On October 30, 1995 the hearing review officer affirmed the dismissal of the hearing. Shortly afterwards Thompson commenced this suit. Thompson completed the 1995-96 school year at New Visions. During oral argument Thompson's counsel acknowledged that Buchanon was satisfied with the education assessment and services Thompson received at New Visions and that she was not seeking a hearing on the education provided by New Visions.

I. STANDARD OF REVIEW
In considering a motion to dismiss, the Court assumes that well-pleaded factual allegations in the complaint are true and construes the complaint and all reasonable inferences arising from it most favorably to the pleader. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir.1990). The Court will grant a motion to dismiss if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Id.

II. DUE PROCESS CLAIM
Thompson claims that his Fourteenth Amendment right to due process was violated when he was denied a hearing on his claim that SSD1 failed to provide him with a free appropriate public education (FAPE) and failed to develop an appropriate IEP while he was a student in SSD1 schools. It is well-established that the Fourteenth Amendment protects interests that a person has already acquired in certain benefits and that such benefits are created and their dimensions defined by federal or state laws. *647 Board of Regents v. Roth, 408 U.S. 564, 576-577, 92 S.Ct. 2701, 2708-2709, 33 L.Ed.2d 548 (1972). Consequently, to show that his right to due process has been violated, Thompson must show that he was deprived of a protected interest. See Schneider v. U.S., 27 F.3d 1327 (8th Cir.1994).
A cause of action is a property interest protected by the due process clause,[1] however Thompson cannot show that the IDEA creates a cause of action permitting a claim such as his. Several courts have considered the extent to which the IDEA provides a claim for an alleged violation of the act. Courts have recognized that a claim for compensatory educational services is available to remedy the denial of FAPE. Burlington School Committee v. Department of Education, 471 U.S. 359, 369, 105 S.Ct. 1996, 2002, 85 L.Ed.2d 385 (1985); Miener v. State of Mo., 800 F.2d 749 (8th Cir.1986). However, plaintiff cites no case nor has this Court's research revealed any holding that the IDEA creates a claim such as that sought here for damages arising out of an alleged past denial of FAPE by a school district formerly responsible for the disabled child's education. The statutory language in the IDEA demonstrates that Congress did not intend to create a damage remedy or "any type of educational malpractice action." Whitehead v. School Board for Hillsborough Co. Florida, 918 F.Supp. 1515, 1518 (M.D.Fla.1996) (citing Anderson v. Thompson, 658 F.2d 1205, 1211 (7th Cir.1981)). The claim for which Thompson seeks a hearing is not a challenge to a current IEP or education program as in Burlington and Miener. Thompson's claim is that a school district formerly responsible for his education violated its obligations under the IDEA to provide him with FAPE and therefore owes him a remedy. The Court finds such a claim like an "educational malpractice" action. As the Whitehead court noted, Congress did not intend to create such a cause of action in the IDEA, and therefore this Court finds Thompson cannot show that a right to due process was violated when his request for a hearing was denied.
Thompson also cannot show that the procedural safeguards established in the IDEA entitle him to a hearing on his claim against SSD1. The IDEA requires states to provide disabled children and their parents with certain procedural safeguards including an impartial due process hearing "to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. §§ 1415(b)(1)(E) and 1415(b)(2). Thompson asks the Court to interpret this provision and "any matter" broadly so as to include a complaint such as the one he raises against SSD1. The Court finds no legal authority to support such an interpretation. The Supreme Court in Honig v. Doe noted that Congress' purpose in creating the procedural safeguards was to provide parents with an opportunity to consult with schools in the development of a disabled child's IEP and to participate in any subsequent assessment of its effectiveness. 484 U.S. 305, 311-312, 108 S.Ct. 592, 597-598, 98 L.Ed.2d 686 (1988). The Seventh Circuit Court of Appeals drew a similar conclusion in Anderson v. Thompson and rejected the argument that "any matter" indicates a congressional intent to provide a remedy for damages. 658 F.2d at 1211. In Anderson the court found that what Congress intended was that a parent could bring any matter "concerning the educational situation of his child ... in order to obtain the appropriate educational placement." Id. Both Honig and Anderson indicate that "any matter" is not to be interpreted as Thompson suggests. Rather the phrase is to be understood to guarantee a hearing if a claimant wishes to challenge a current educational placement. Thompson did not request a hearing to challenge his current IEP or his current school program. The record shows that Thompson was not enrolled in an SSD1 school on June 7, 1995 when he requested a hearing. It also shows that he does not contest his current placement. Accordingly, the Court finds that Thompson has no right to a hearing under the IDEA.
Thompson also fails to show that he has a right to a due process hearing under *648 Minnesota law. Minnesota law requires that a school district provide the opportunity for parents to obtain an impartial due process hearing when they object to a proposed assessment, placement, transfer, addition or denial of educational services. M.S.A. § 120.17, subd. 3b(e)(1)-(5). Furthermore, the statute prescribes that the hearing shall be "initiated and conducted by and in the school district responsible for assuring that an appropriate program is provided." M.S.A. § 120.17, subd. 3b(e). The hearing Thompson requested was neither for one of the objections listed in the statute nor in the school district responsible for his education. Thompson requested a hearing for a past denial of FAPE. Such an objection is not among those listed in the statute. Also, the record shows that Thompson was not enrolled in an SSD1 school at the time he requested a hearing. Prior to making the request he was enrolled in MCCL and subsequently he was enrolled in New Visions. Both schools are charter schools, and according to Minnesota law they are responsible, not SSD1, for assuring that an appropriate program is provided to disabled children. M.S.A. § 120.064, subd. 12. Thompson claims that a recent unpublished decision from the Minnesota State Court of Appeals, H.M. v. Special School Dist. No. 1, 1996 WL 250535 (Unpublished Slip Op., May 14, 1996), establishes a right to a hearing on "retroactive services". The Court has carefully reviewed the decision in H.M. and notes that pursuant to M.S.A. § 480A.03 it is not controlling. H.M. offers no legal authority to support its conclusion and the Court finds this decision unpersuasive.
As the Court finds no basis under federal or state law on which to conclude that Thompson had a right to a due process hearing, his due process claim must be dismissed. The Court also finds no facts or law that would entitle Thompson to relief on this claim under 42 U.S.C. § 1983, Article XIII, section 1 or the Equal protection clause of the Minnesota Constitution, M.S.A. §§ 120.0111 or M.S.A. § 120.17 and therefore Count I of Thompson's amended complaint will be dismissed.

III. RACE & DISABILITY DISCRIMINATION CLAIMS
SSD1 argues that Thompson must exhaust his administrative remedies before bringing his claims for race and disability discrimination and that because he did not have a hearing the claims must be dismissed. The Court finds SSD1's argument without merit. Thompson did request a due process hearing from SSD1 and when his request was denied he appealed the decision without success. It is nonsensical for SSD1 to try and maintain that Thompson must have a hearing on his claims before he can initiate a suit and at the same time insist that Thompson has no right to a hearing. Furthermore, while the IDEA requires that a claimant exhaust administrative remedies and request a due process hearing on non-IDEA claims that seek relief available under the IDEA before commencing a cause of action, under certain circumstances exhaustion is not required. See Mrs. W. v. Tirozzi, 832 F.2d 748, 756 (2nd Cir.1987). The Court finds that the instant case presents those circumstances under which exhaustion is not required. Although the Court would benefit from an administrative decision and the expertise of an administrative agency familiar with the education programs and special needs of disabled children, as the above discussion shows, the IDEA does not provide for a due process hearing on a claim such as Thompson's. It would be futile to require Thompson to request a hearing on his race and disability discrimination claims only to be denied a hearing. Exhaustion is not required when it would be futile to use the due process procedures. Id. Accordingly Thompson's race and disability claims cannot be dismissed for failure to exhaust administrative remedies. The Court finds the facts alleged sufficient to survive SSD1 and Hutchinson's motion to dismiss on the basis of statute of limitations and qualified immunity grounds and therefore SSD1 and Hutchinson's motion to dismiss Counts II and III is denied.

IV. CLAIMS AGAINST STATE DEFENDANTS
Thompson asserts two claims against MDCFL, the SBE, and Johnson. He claims *649 that MDCFL violated the IDEA, the Fourteenth Amendment, 42 U.S.C. § 1983, and the Minnesota Constitution by failing to ensure that Thompson received a due process hearing on his claims against SSD1. As discussed above, the Court finds that Thompson had no right to a hearing on his claims against SSD1 and that dismissing his request for a hearing was not in violation of Thompson's Fourteenth Amendment rights. Also, Thompson cannot establish a 42 U.S.C. § 1983 claim against these defendants. The Eleventh Amendment protects unconsenting states from a suit for damages brought in federal court, including claims brought under 42 U.S.C. § 1983. Hadley v. North Ark. Community Technical College, 76 F.3d 1437, 1438 (8th Cir.1996); see Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) (neither a state nor its officials acting in their official capacities are considered "persons" with respect to 42 U.S.C. § 1983). The claim against Johnson is against him in his official capacity as commissioner of MDCFL. The claims against MDCFL and SBE are actions against the state for purposes of Eleventh Amendment immunity. See Thomas v. FAG Bearings Corp., 50 F.3d 502, 505 (8th Cir. 1995) (suit seeking joinder of state's natural resources department is suit against state). Therefore the 42 U.S.C. § 1983 claim against these defendants cannot stand. Furthermore, the Eleventh Amendment bars a claim such as the one Thompson asserts based upon the Minnesota Constitution. Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 117, 104 S.Ct. 900, 917, 79 L.Ed.2d 67 (1984) (suit based upon state law is barred when the relief sought has an impact directly on the state itself). Accordingly, Count IV of Thompson's amended complaint will be dismissed.
In his second claim, Thompson alleges that MDCFL and SBE have wrongfully created or interpreted state laws establishing a charter school system so as to deprive him of a hearing in violation of the Fourteenth Amendment, the IDEA, § 1983 and the education and equal protection clauses of the Minnesota Constitution. As the above analysis shows, Thompson has not established that he is entitled to a hearing under the IDEA or the Fourteenth Amendment and therefore he cannot show the action dismissing his request for a hearing violated his rights. Moreover, as the above discussion shows the Eleventh Amendment bars Thompson's § 1983 claim. Also, as Thompson has not alleged any facts to show that MDCFL and SBE are not entitled to immunity under the Eleventh Amendment on his equal protection claim or other Minnesota Constitutional claim, Count V of Thompson's amended complaint must be dismissed.
Accordingly, upon review of all the files, records and proceedings herein,
IT IS HEREBY ORDERED that
1. Defendants SSD1 and Hutchinson's motion to dismiss with respect to Count I is GRANTED and Count I is DISMISSED.
2. Defendants SSD1 and Hutchinson's motion to dismiss with respect to Counts II and III is DENIED.
3. Defendants MDCFL, SBE, and Johnson's motion to dismiss Counts IV and V. is GRANTED and Counts IV and V are DISMISSED.
NOTES
[1] See id. at 1333.