**Krista WESTENDORP; Douglas Westendorp; and Aaron Westendorp, by and through his parents and natural guardians Krista Westendorp and Douglas Westendorp, Plaintiffs,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 273 (Edina, MN), Defendant.**

**Civil No. 4–96–642 (DSD/JMM).**

United States District Court,
D. Minnesota.

Dec. 23, 1998.

Daniel L. Bowles, C. Eric Hawes, Larkin Hoffman Daly & Lindgren, Bloomington, MN, Michael Stokes Paulsen, University of MN Law Center, Minneapolis, MN, J. Matthew Szymanski, Gammon & Grange, McLean, VA, for Sarah Peter, Krista Westendorp, Douglas Westendorp, Aaron Westendorp.

Steven Liss, Rachel Kaplan, MN Attorney General, St. Paul, MN, for Robert Wedl, Arne H. Carlson.

Paul C. Ratwik, Nancy E. Blumstein, Ratwik Roszak & Maloney, Minneapolis, MN, for Independent School District No. 877, ISD No 273.

## ORDER

DOTY, District Judge.

This matter is before the court on the motion of plaintiffs for permanent relief on their Individuals with Disabilities Education Act ("IDEA") claim.[1] Based on a review of the file, record, and proceedings herein, and for the reasons stated, the court grants plaintiffs' motion.

## BACKGROUND

Aaron Westendorp is a seventh-grade boy who suffers from severe disabilities resulting from a brain stem lesion. He resides with his parents Douglas Westendorp and Krista Westendorp in Edina, Minnesota, within the geographical boundaries of Independent School District No. 273. To function in a school classroom, Aaron requires the services of a full-time paraprofessional. The school district offered to provide the paraprofessional to Aaron if he were to attend a public school. The Westendorps wished, however, for Aaron to attend the Calvin Christian School, a private religious school. With the financial assistance of their church, the Westendorps were able to provide for paraprofessional services for Aaron on-site at the private school for the academic years 1991–1992 through 1993–1994. When the Westendorps changed churches, however, they were unable to obtain the financial support necessary

Daniel L. Bowles, C. Eric Hawes, Larkin Hoffman Daly & Lindgren, Bloomington, MN, for Joan Peter.

1. Plaintiffs have also brought a motion for expedited briefing and hearing. On good cause shown by the plaintiffs, the court established a slightly accelerated hearing schedule. The briefing was carried out under the time periods dictated by the local rules, except that the plaintiffs had less than five days to reply to the defendant's response memorandum.

for the services and withdrew Aaron from private school. From the 1994–1995 school year until present, therefore, Aaron has attended public school.

On July 26, 1996, the Westendorps brought this action in federal district court, claiming that the school district had violated their constitutional, IDEA, and state law rights. On March 26, 1997, this court granted summary judgment against the Westendorps on their IDEA claim. On September 2, 1997, the court granted summary judgment against the Westendorps on their remaining claims.

On September 15, 1998, however, the Eighth Circuit reversed these orders and remanded the case with the following instruction regarding the Westendorps' IDEA claim:

> Because we hold that ISD No. 273 violated Aaron's rights under IDEA by denying him a paraprofessional at Calvin Christian School, we must remand to the district court for a determination of the proper scope of relief. The parties have stipulated to nominal damages of one dollar.... While the Westendorps continue to seek injunctive relief for this violation, "[t]he remedy of an injunction is preventive and looks only to the future[, and] can not be invoked for the purpose of punishment for wrongful acts already committed." *Minneapolis & St. Louis Ry. Co. v. Pacific Gamble Robinson Co.*, 181 F.2d 812, 814 (8th Cir.1950). However, the Westendorps have cited to authority which suggests that, under IDEA, equitable relief for past injuries may nevertheless be proper. *See Florence County Sch. Dist. Four v. Carter By and Through Carter*, 510 U.S. 7, 15–16, 114 S.Ct. 361, 126 L.Ed.2d 284 (1993) (citing 20 U.S.C. S 1415(e)(2)). We leave the question of a proper remedy in this case to the "broad discretion" of the district court. *Id.*

*Peter v. Wedl*, 155 F.3d 992, 1001 (8th Cir. 1998). The Westendorps now return to court seeking equitable relief for the school district's past violation of IDEA. Specifically,

they request that the court order the school district to provide a paraprofessional to Aaron, at whatever school his parents choose, for a period of six academic years.[2]

## DISCUSSION

As the Eighth Circuit noted, the Westendorps cite to substantial authority supporting the proposition that a district court may grant successful IDEA plaintiffs retrospective equitable relief, including compensatory services. *See, e.g., School Comm. of the Town of Burlington v. Department of Ed.*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985); *Florence County Sch. Dist. Four v. Carter By and Through Carter*, 510 U.S. 7, 15–16, 114 S.Ct. 361, 126 L.Ed.2d 284 (1993); *Miener v. State of Missouri*, 800 F.2d 749 (8th Cir.1986); *Pihl v. Massachusetts Dept. of Ed.*, 9 F.3d 184, 188 (1st Cir.1993) (observing that "[c]ourts of appeal in the Second, Third, Sixth, Eighth, and Eleventh Circuits have extended the Supreme Court's rationale in *Burlington* to support the award of compensatory education as 'appropriate relief' under the Act" and doing likewise itself).

In *Burlington*, the Supreme Court observed that the pre-amendment version of IDEA "directs the court to 'grant such relief as [it] determines is appropriate.' The ordinary meaning of these words confers broad discretion on the court." 471 U.S. at 369, 105 S.Ct. 1996. It went on to state that "we are confident that by empowering the court to grant 'appropriate' relief Congress meant to include retroactive reimbursement to parents as an available remedy in a proper case." *Id.* at 370–71, 105 S.Ct. 1996. In *Miener*, the leading Eighth Circuit case addressing the issue, the plaintiff sought injunctive relief "directing the defendants to provide compensatory educational services as a remedy for their [earlier] denial of special educational services." 800 F.2d at 752. The court held that such relief was appropriate under IDEA: "The relief Miener seeks is entirely consistent with [the statutory] goal, since she wishes to recover compensatory educational services to remedy denial of the benefits

---

2. This requested relief would compensate the Westendorps for the academic years from 1991–1992 through 1996–1997, when the school district denied Aaron special services at the Calvin Christian School. The Westendorps acknowledge that after the 1996–1997 academic year

Aaron would no longer have been entitled to the provision of special educational services at a private school because of Congress's 1997 amendments to IDEA. *See Peter v. Wedl,* 155 F.3d at 998.

Congress sought to protect through denying a damages remedy...." *Id.* at 754.

Despite this precedent, the school district contends that IDEA does not afford the Westendorps the remedy they seek. The school district attempts to distinguish *Burlington* and *Miener*, observing that in those cases the defendant failed to offer or provide any special educational service to the IDEA plaintiff. The school district contrasts those scenarios with the present one, where, it argues, Aaron has at all times been offered or provided a "free appropriate public education."

■ The problem with the school district's argument is that it has already been rejected by the Eighth Circuit. First, as the Westendorps suggest, the phrase "free appropriate public education" is nothing other than statutory shorthand for compliance with IDEA's requirements. If a school district satisfies IDEA, it has provided a free appropriate public education; if a school district fails to satisfy IDEA, it has not. Second, the Eighth Circuit has expressly rejected the distinction between the quality and the location of services that the School district attempts to make here:

> ISD No. 273's denial of all services to Aaron at Calvin Christian School was not 'comparable' to offering direct services to students at a public school; rather, comparable services would have included the services of a paraprofessional.... ISD No. 273 did not 'provide special education and related services designed to meet the needs of private school children with disabilities residing in [its] jurisdiction,' 34 C.F.R. § 300.452, but instead only agreed to meet Aaron's needs once he became a public school student. This action is not supported by IDEA or its implementing regulations, and it violated Aaron's rights under IDEA.

*Peter v. Wedl,* 155 F.3d at 1001. The Eighth Circuit's holding is unequivocal: by failing to provide Aaron special educational services at the Calvin Christian School, the school district violated his IDEA rights and thereby denied him a free appropriate public education. And as *Burlington* and *Miener* instruct, this is precisely the kind of circumstance where retrospective equitable relief is available.[3]

■ The question thus becomes how much equitable relief the court should grant the Westendorps. The Eighth Circuit has left the "scope of relief" to the court's "broad discretion," citing the Supreme Court's decision in *Florence County.* *Florence County* itself provides additional guidance: "Courts fashioning discretionary equitable relief under IDEA must consider all relevant factors, including the appropriate and reasonable level of reimbursement that should be required. Total reimbursement will not be appropriate if the court determines that the cost of the private education was unreasonable." 510 U.S. at 15–16, 114 S.Ct. 361. Among the circuit courts, the presumption appears to be that the "appropriate and reasonable level of reimbursement" will match the quantity of services improperly withheld. *See, e.g., Lester H. v. Gilhool,* 916 F.2d 865, 873 (3d Cir.1990) ("The court's award merely compensates Lester for what everyone agrees was an inappropriate placement from 1984 through January, 1987 and belatedly allows him to receive the remainder of his free and appropriate public education."). Thus, in this case, where Aaron was denied his IDEA rights for six academic years, the court will presume that he is entitled to six academic years of compensatory relief.

The court has identified only one factor that might argue in favor of departing from this six-year presumption.[4] Viewed solely

3. Indeed, in *Miener,* the Eighth Circuit concluded that the plaintiff was *"entitled* to recover compensatory educational services" if she were to prevail on her IDEA claim. 800 F.2d at 754 (emphasis added).

4. Because it has staked out the extreme position that no relief is appropriate in this case, the school district has remained largely silent as to what factors might counsel less than six years of compensatory relief if one assumes that some

relief is warranted. However, the school district does argue that Aaron's needs might change in the future and that, therefore, the award of a paraprofessional for six academic years would be premature. The court does not agree. The record clearly establishes that Aaron's disabilities are permanent and that he will require the services of a full-time paraprofessional in order to successfully attend school. Moreover, as the Westendorps point out, the equitable relief the court may grant in this case is retrospective; that

from an economic standpoint, the school district has already paid for special services during three years of the disputed period, when Aaron attended public school in Edina. If the court were to award the Westendorps six more years of paraprofessional services, the argument might go, it would be requiring the school district to pay for a total of nine years of such services.

The court concludes, however, that this consideration does not justify a reduction in the Westendorps' presumptive relief. The Eighth Circuit has held that the Hobson's Choice created by the school district's policy denied Aaron his IDEA rights in the same way that an outright refusal would have. Although Aaron received three years of special services in public school after the Westendorps were forced to capitulate to the School district's policy, it was the school district, not the Westendorps, who bore the risk that this conditional provision of services might ultimately be determined invalid. Accordingly, equity dictates that Aaron be compensated for all six of the academic years that the school district violated his IDEA rights.[5]

## CONCLUSION

For the foregoing reasons, it is hereby ordered that:

1.  Plaintiffs' motion for expedited briefing and hearing is granted in part.

2.  Plaintiffs' motion for permanent relief on their IDEA claim is granted. Defendant Independent School District No. 273 is hereby ordered to provide a classroom paraprofessional aide to Aaron Westendorp at the school chosen by his parents, whether public or private (including religious), for the equivalent of six academic years.

3.  Defendant shall pay one dollar in stipulated damages to plaintiffs.

---

is, the court may look only to the past violation of IDEA rights, with the goal of curing the earlier deprivation. And as to the issue of past injury, the parties have never disagreed that Aaron required the services of a full-time paraprofessional during the period that the school district denied him special educational services at the Calvin Christian School. Therefore, the court is satisfied that the services of a paraprofessional should provide the substantive component of its order for relief.

5. Although damages are not available under IDEA, *see Miener*, 800 F.2d at 752, the court will enforce the agreement between the parties and award plaintiffs one dollar in stipulated damages.